GLADYS A. GARTNER *vs.* WALTER M. GARTNER.

JUNE 13, 1952.

PRESENT: Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This petition for divorce was granted by the superior court on June 29, 1944 and on January 5, 1945 a final decree of divorce was entered which awarded petitioner custody of the minor child of the parties, Abbott D. Gartner, and an allowance of $25 a week for his support. On March 7, 1947 on motion of the petitioner that decree was modified by providing for an increased weekly allowance of $30. Thereafter on July 7, 1949 respondent filed a motion to further modify the decree to change the custody of Abbott, and on July 13 he filed another motion to adjudge petitioner in contempt. On July 15, 1949 petitioner filed a motion for counsel fees and travel expenses in defending respondent's motions, and included therein prayers for an increase in the weekly allowance, for reimbursement for medical expenses incurred for the treatment of Abbott, and also to adjudge respondent in contempt. The respondent has appealed to this court from a decree of the superior court denying his motions and granting petitioner's motion, excepting only the prayer to adjudge him in contempt which the trial justice expressly denied.

In the statement of his reasons of appeal respondent has

raised ninety-eight questions. However, the greater part of them have been neither briefed nor argued, and under our practice they are deemed to be waived. Those which he has argued are discussed in a series of points in his brief. We shall consider those points in substantially the same manner in which they appear therein, although not in the precise order.

The respondent's first point concerns the correctness of the trial justice's finding that the reasonable needs of Abbott required an increase in the weekly allowance for his support to $55. He contends that since the allowance was increased by the decree of March 7, 1947 there was no evidence of a change in circumstances upon which to base a further increase; that the trial justice did not base his finding upon the evidence but upon his personal philosophy of a mother's desires for the welfare of her child; and that in any event the evidence does not warrant such a large increase as the trial justice awarded. He further argues that petitioner did not allege in her motion any change of circumstances and apparently presented her evidence on the erroneous theory that it was not an element of her case which she had to prove.

The law in matters of this kind is definitely settled in this state. Where it is sought to modify a decree by increasing the allowance fixed therein for the support of a child, the petitioner has the burden of showing that the cost of such support has increased and that the respondent is financially able to pay more than the amount which was originally fixed. *Moore* v. *Moore,* 53 R. I. 294. The court there said at page 295 that the existing decree "settled the rights of the parties until a change in conditions is shown." In the case at bar whether or not the petitioner framed her motion and presented her evidence in support of it with those requirements in mind is, in our opinion, of no consequence, if the evidence actually tended to prove them and if in considering and weighing such evidence the trial justice applied the proper law thereto.

From our examination of the transcript we are satisfied that the petitioner's evidence tended· to prove by a fair preponderance that there was some change, though not much, in the circumstances of Abbott's maintenance, education and support that would reasonably necessitate additional expenditures in his behalf. As to respondent's ability to pay an increased allowance, there appeared to be no real controversy although a great deal of time and effort were needlessly expended by petitioner's counsel in trying to prove that respondent was an extremely wealthy man. We are not interested in the extent of his wealth beyond his ability to pay such increase in the allowance as may be found to be reasonably necessary for his son's support. The trial justice found that respondent unquestionably possessed such financial means. In our opinion there was ample evidence to support that finding. And we are of the further opinion that in awarding petitioner an increase in the allowance he was fully aware of the law applicable thereto and that he decided this phase of the motion on the weight of the evidence before him in the light of such law.

However, while we do not disagree with those findings, we disagree with the trial justice's award of an increase of $25 in the allowance, thus fixing it at $55 a week. This almost doubles the existing allowance which was fixed by the superior court as recently as two years and four months before petitioner filed the instant motion. At that time Abbott was about five and one-half years of age. In· the short period of time which has since elapsed no radical change in his way of living has been shown that would justify expending on his support and education the sum of $2860 a year. For a boy who is attending a free public school and is one of a family of four residing in a modest apartment, it is difficult to envisage a real need for any such amount for his support. Indeed, a reasonable regard for his true welfare would dictate an avoidance of extravagant expenditures even though respondent be as wealthy as petitioner strenuously sought to show.

We have not lost sight of the fact that petitioner testified at length and in great detail concerning the various needs of Abbott which she claimed required a much larger sum than $55 a week; but in our opinion most of these so-called needs were not needs at all but extravagant ideas of what she thought the child should have in view of his father's supposed financial worth. It seems that those ideas generated in her mind numerous exorbitant wants for Abbott which she felt should be gratified at respondent's expense, and it is noted that the trial justice refused to accede to some of petitioner's demands. We think he ought to have refused more of them.

On the whole, after carefully considering the transcript and giving her evidence the most liberal interpretation consistent with reason and common everyday experience, we are of the opinion that an increase of $10, making the allowance $40 a week, will be amply sufficient to meet the reasonable wants of Abbott in the present circumstances of his education and way of living. This will amount to $2,080 a year, a rather substantial sum, it seems to us, to expend on a boy eight years of age who is attending a free public school and living in an environment where wealth and luxury do not abound.

Under his fifth point, respondent makes a further objection to the trial justice's order concerning the allowance because it is provided therein that it shall be "retroactive, as agreed upon, to July 19, 1949." That is the date on which the hearing on the instant motions was commenced in the superior court. The respondent argues that the superior court is without authority to make an award retroactive and cites in support of his contention, among other authorities outside this state, the case of *Parenti* v. *Parenti,* 71 R. I. 18. He further asserts that he did not formally consent to making the award retroactive and therefore the trial justice's statement "as agreed upon" in the above-mentioned order is gratuitous and erroneous.

We have examined the transcript and find at least one

instance if not two therein where in a colloquy with counsel concerning a continuance of the hearing it was stated by the trial justice that of course the award if made would be retroactive; and at such time counsel for respondent made no objection to that statement. It is true there is no formal stipulation in the record, but if silence gives consent then respondent could well be deemed to have given consent on the occasion above mentioned.

However, we need not decide the question of consent here as we are of the opinion that in a proceeding to determine whether there is a need for an increased allowance to support a child in the custody of a divorced parent and where there is a hearing on a motion therefor which is protracted over a long period of time, as was the hearing in the case at bar, the superior court has the authority, irrespective of the consent of either party, to make the award retroactive to the first day of the hearing when normally it would have been made and become effective.

This is not contrary to or inconsistent with the law enunciated in *Parenti* v. *Parenti, supra.* In that case an attempt was made to have a certain portion of an award applied weekly toward the reduction of an accumulation of arrears of unpaid allowances until the same was paid in full and thereafter such portion was to be paid to the wife for the support of her and the children. We held that this could not be done; that the award could not be made to operate in part retroactively, because it would prejudice the rights of the wife and children; and that the accumulation of arrears was a debt owing from respondent to the wife which the superior court could neither reduce nor cancel. Obviously the reverse is true here. The award is being made to operate retroactively so as to prevent the protracted delay in concluding the hearing from depriving the child of the increased allowance to which it has been found he is entitled.

Nor does *Harvey* v. *Harvey,* 45 R. I. 383, which was relied upon in *Parenti* v. *Parenti, supra,* preclude making the

decree in the instant case retroactive. In that case in making a new order reducing an allowance to the respondent wife, the superior court undertook to vacate and set aside a previous order of allowance under which a substantial sum in arrears had accumulated. This court held that the superior court was without authority to make such an order retroactive and thus "wipe out" the respondent wife's claim for such arrears. Needless to say our action here on a wholly different state of facts does not in any way adversely affect that holding.

The superior court awarded counsel fees in the sum of $2,000 to be paid to the solicitors of petitioner "as compensation for legal services rendered to, for and in behalf of Abbott D. Gartner in these proceedings." Under his second point respondent contends that the superior court's jurisdiction in divorce is purely statutory and that there is no statute which expressly grants it authority to award counsel fees to respondent in defending a motion to modify a final decree; that if it has implied authority to make such an award for the benefit of a minor child it could only be on motion of next friend of the child, and it does not appear that petitioner here was so acting when she made the instant request for an increased allowance as part of the motion which she filed in defense to respondent's motions; and finally, assuming the court had the requisite authority, there was no evidence of the character and extent and the reasonable value of the professional services claimed to have been rendered by petitioner's counsel which would enable the trial justice to determine what would be fair and just compensation therefor.

We agree with respondent's contentions that the superior court's jurisdiction in divorce is purely statutory and that there is no statute authorizing it to award the wife counsel fees except to enable "her to prosecute or defend against" a "petition for divorce or separate maintenance." General laws 1938, chapter 416, §14. The prosecution of her motion presenting questions pertaining to her personal rights or her

defense against respondent's motions in the case at bar clearly does not come within the purview of that section. However, the trial justice did not award her counsel fees but rather expressly awarded them solely for the benefit of the child in prosecuting the motion for an increased allowance. We think an award of counsel fees for such a purpose falls in a special category and is properly within the discretion of the trial justice.

By virtue of §14 the superior court is expressly authorized to "provide for the education, maintenance, and support of children of all persons by it divorced" and therefore it must necessarily be vested with sufficiently broad authority to make that power effective to obtain for the child an adequate allowance for its needs. The authority merely to adjudicate any question concerning such needs is not enough in the case of a child. How can such child bring the question to the court's attention for adjudication if it is not given appropriate professional assistance for that purpose?

Where the respondent father is non-co-operative or is actively belligerent and will not consider his child's increased necessities, surely it must impliedly be within the purview of §14 that the superior court should in such circumstances be empowered to grant him legal assistance at the expense of respondent. Unless this is so the court's express statutory power to provide for the maintenance, education, and support of the child would be on many occasions a mere empty gesture. For these reasons we think the trial justice was warranted in making the award of counsel fees in the manner above indicated.

We find no merit in respondent's further contention that the motion should have been made by the child's next friend. In a divorce proceeding where the mother has been given custody of the child and therefore immediate superintendence over its welfare it seems to us that she is in a real sense, if not in a formal and legalistic sense, the child's next friend.

We are of the opinion that respondent's third contention under this point that there was no evidence from which the

trial justice could determine that $2,000 was a reasonable fee is also clearly lacking in merit. In the first place he needed little or no evidence outside of his own experience and observation to make a reasonable appraisal of the value of the services rendered by counsel for petitioner. He presided over the numerous hearings and necessarily became familiar with the nature and extent of the professional preparation which the actual trial entailed upon counsel. As to the industry, resourcefulness, and vigor which they exercised on Abbott's behalf, he was in a more advantageous position than we are to determine and evaluate such qualities in terms of pecuniary compensation.

While it is true that other matters purely personal to the petitioner were also more or less inextricably mingled in the hearings with matters exclusively pertaining to the increase in Abbott's allowance, nevertheless it appears that the trial justice was not unaware of that situation and was careful to discriminate accordingly. That he did so to a substantial extent is evident in part at least from the fact that although one of petitioner's counsel testified that he valued the services of his firm at $6,000 the trial justice awarded only one third of that sum.

The law with reference to the fixing by the trial justice of legal fees for services in a case on trial before him seems to be settled. Substantially the following guiding rules are deduced from a variety of cases cited in 20 C.J.S. Costs, §218 (e) p. 462. Where attorney's fees are allowed by statute but the amount is not prescribed, the court within limits of judicial discretion has the power to fix the amount and unless abused an appellate court will not review the exercise of such discretion. In fixing the amount the trial justice is not bound by the opinions of attorneys as to the value of the services rendered but should exercise his own judgment, since he has the requisite skill and knowledge to form a reasonably correct idea of what is fair and reasonable compensation. Of course he may hear evidence but he need not do so if he is familiar with the facts.

Under his third point respondent contends that there is no basis in law or in fact upon which the trial justice could lawfully award petitioner traveling expenses. We agree. We are aware of no provision of the statutes that either expressly or impliedly authorizes such an allowance. The petitioner voluntarily removed from this jurisdiction and took Abbott with her. If this increases her burden in attending to matters in his behalf she may reasonably be made to bear it. See *Commonwealth* v. *Wreski*, 165 Pa. Super. 6. She is fortunate that respondent has not represented to the court that, in exercising his rights under the existing decree of visiting his son, he has been put to additional expense by reason of her removal of Abbott from this jurisdiction. This court has heretofore indicated that in such a situation the respondent has rights which may be enforced. See *Leighton* v. *Leighton*, 48 R. I. 195.

The superior court awarded petitioner the sum of $508.35 as reimbursement for medical expenses incurred by her for the benefit and health of Abbott, and under his fourth point respondent contends such award is erroneous because an expense of this nature is included in the existing allowance by express adjudication in a prior proceeding. From our examination of the transcript it does not appear that the illness which necessitated such expenditure was the normal or usual condition of ill health that occasionally arises but was of an extraordinary nature possibly dangerous to life itself. The trial justice found the illness was such as to include that peril and that the need for the medical care and treatment which Abbott received was urgent. We cannot say that such finding or the award which was based thereon was clearly wrong.

Under his seventh point, respondent has grouped a number of exceptions which he took to the trial justice's admission of certain specified exhibits. The respondent claims that such exhibits were obtained by petitioner's wrongful use of a subpoena *duces tecum*. In view of the fact that those exhibits were admitted merely to prove the respon-

dent's financial ability to pay an increased allowance and counsel fees, and since such ability is not in dispute here, those exceptions have become immaterial and need not be considered.

The respondent's sixth point concerns his appeal from another decree of the superior court entered subsequently to the decree now in question in which petitioner was awarded a counsel fee of $800 to defend the instant appeal in this court. This point is considered in a separate opinion filed herewith. *Gartner* v. *Gartner,* 79 R. I. 410.

The respondent's appeal is sustained, the decree appealed from is reversed in part and affirmed in part, and on June 18, 1952 the parties may present to this court a form of decree, in accordance with this opinion, to be entered in the superior court.

*Isidore Kirshenbaum,* for petitioner.
*Max Winograd,* for respondent.