HELEN L. HARSON *vs.* FREDERICK L. HARSON.

JUNE 18, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

72

 

CAPOTOSTO, J. This is a motion in a divorce case to adjudge respondent in contempt for failure to comply with an order for certain weekly payments and for an award of counsel fees. After a hearing in the superior court the motion was denied and dismissed. Upon the entry of a decree to that effect petitioner appealed to this court.

No testimony was presented at such hearing as both parties relied upon the papers of record in the case. It is sufficient for our purposes to refer briefly to the facts appearing in that record. By decree of December 13, 1950 petitioner was granted a divorce from bed, board and future cohabitation. She was given the custody of two minor children, an allowance of $20 a week for her support and $30 a week for that of the children. In most instances the order with respect to such payments was not complied with for two or three weeks at a time. At the expiration of each of those periods petitioner, availing herself of the provisions of general laws 1938, chapter 416, §14, had an execution issued for the amount then due and unpaid, such execution running against the goods and chattels of the respondent and for want thereof against his body. Every one of the fifteen or sixteen executions of record was apparently satisfied shortly after it was issued. We note here that during the period covered by such proceedings a prior motion to adjudge respondent in contempt was denied and dismissed by another justice of the superior court. No appeal was taken from a decree to that effect thereafter entered.

When the motion under consideration was filed, respondent had not paid anything for two weeks, but by the time it came up for hearing he was again current in his payments. Intentional disregard of the court's order was denied by his counsel who stated without contradiction that the

defaults complained of were due to the nature of his client's employment, which was the sale of securities on commission without weekly salary, and that his earnings were paid to him about once a month and on a fluctuating basis.

It further appeared that prior to the institution of the present proceeding the same counsel had unsuccessfully asked that, considering the nature of his client's employment and the manner in which he was paid for his services, the order for support should be amended from a weekly to a biweekly basis to avoid trouble between the parties of the nature hereinbefore described. That request was renewed shortly before the hearing in the instant case and was accepted by petitioner.

The trial justice decided: "In the light of all the circumstances * * * respondent should not be adjudged in contempt," and he made the comment that "the problem may well be resolved as a result of the modification of the decree to provide for payment on a biweekly basis." He also decided that under G. L. 1938, chap. 416, §14, upon which petitioner relied, he had no authority on the facts then before him to grant counsel fees.

The petitioner contends that the trial justice erred in both instances. Her first contention is that because the facts are undisputed and the credibility of witnesses is not involved, as no testimony was offered by either party, we should not give any weight to the decision of the trial justice, and that on an independent consideration of the record we should conclude that respondent was plainly guilty of contempt. This contention is based on the premise that the admitted facts lead to only one reasonable conclusion. We do not agree with such premise. Even though the record be as petitioner argues, nevertheless the facts therein appearing are subject to interpretation reasonably leading to different and opposite conclusions. In such circumstances we cannot say that the trial justice was clearly wrong in refusing to find respondent guilty of contempt.

The petitioner also contends that it was error to deny her counsel fees, first, because respondent's default in payments made it necessary to secure legal assistance in the matter of the executions; and secondly, because the denial of such fees was due solely to the misinterpretation by the trial justice of the hereinbefore-mentioned statute. Unless that statute provides otherwise, the question of counsel fees is here governed by the law of civil contempt, which we had occasion to consider in the recent case of *Nelson* v. *Progressive Realty Corp.,* 81 R. I. 445, 104 A.2d 241. Our conclusions on that subject as therein set forth apply with equal force in the case at bar. It is to be noted that in the *Nelson* case the respondent was adjudged in contempt, whereas the present respondent was absolved of willful disregard of the court's order on two occasions. According to the law of civil contempt uncontrolled by statute, the trial justice was fully warranted in refusing to award counsel fees in the circumstances of the instant case.

The next question for consideration is whether petitioner was entitled to counsel fees under G. L. 1938, chap. 416, §14. That section authorizes the superior court to provide for the education, maintenance and support of children of the divorced parties, and further it "may in its discretion make such allowance to the wife, out of the estate of the husband, for the purpose of enabling her to prosecute or defend against any such petition for divorce or separate maintenance, in case she has no property of her own available for such purpose, as it may think reasonable and proper * * *."

Relying on the case of *Gartner* v. *Gartner,* 79 R. I. 399, petitioner now argues that she is entitled to counsel fees for legal services rendered at her instance on behalf of the children to recover the payments due for their support. In that case we held that when a respondent father is plainly noncooperative or entirely belligerent the superior court has authority to grant the child or children of the parties legal assistance in order to effectuate the purpose and intent

of the statute. Such authority, though not expressly stated, exists by necessary implication from the express power vested in the superior court by §14 to provide for the education, maintenance and support of a child of divorced parents. But it does not follow that an award of counsel fees must be made in all cases regardless of conditions. In the circumstances of the case presently under consideration the trial justice found respondent not guilty of willful contempt. He therefore did not abuse his discretion in denying petitioner's request for counsel fees. If his decision had been otherwise, he might well have granted the request as a condition to respondent's purging himself of such contempt. *Ciallella* v. *Ciallella*, 81 R. I. 320, 103 A.2d 77.

There is no similarity between the *Gartner* case and the one at bar. Admitting that the payments to petitioner's children in the instant case were frequently delayed, yet, according to the trial justice, such delays were not in willful disregard of the order for their support by a father who intentionally sought to evade his obligation to them. As a matter of fact nothing was owing to them at the time of the hearing in the superior court. The *Gartner* case is of no assistance to petitioner in the circumstances appearing in the present record.

The petitioner further contends that the trial justice erred in holding that §14 gave him no authority to grant her counsel fees in her own right. Her argument on this point in substance is that, in construing the hereinbefore-quoted provisions of that section, a distinction should be made by necessary implication between an absolute divorce and one from bed, board and future cohabitation; that under her divorce of the latter type she is still respondent's wife; and that in such a situation the expenses necessary to enforce the payments for her own support were incurred in the prosecution of her petition for separate maintenance.

The contention is without persuasive force since it is based on the untenable premise that the language in question

is ambiguous and therefore requires interpretation. In our judgment there is no such ambiguity as petitioner seeks to import therein and consequently there is no necessity to resort to the principle of necessary intendment. The authority to grant counsel fees as set forth in §14 is clearly limited, in plain and ordinary language, to the prosecution of or defense against a *petition for divorce,* whether it be one for an absolute divorce or for separate maintenance. To extend the meaning of the language under consideration so as to authorize the award of counsel fees in litigation between the parties *after* the granting of a divorce would be a perversion of the express terms of the statute. In the circumstances of this case we find no error by the trial justice in his construction of that section.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Letts & Quinn, Daniel J. Murray, A. Peter Quinn, Jr.,* for petitioner.

*Worrell & Hodge, Lee A. Worrell,* for respondent.