JOANNE SULYMA *v.* RICHARD A. SULYMA.
JOANNE SULYMA *v.* RICHARD A. SULYMA.

APRIL 13, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

POWERS, J. These are two petitions for writs of certiorari seeking to have reviewed and reversed decrees entered by a family court justice on February 20 and March 13, 1963, respectively, each of which decrees relates to the awarding of counsel fees by said justice on motions of the petitioner's wife. We issued the writs and in response thereto the family court has certified certain relevant records to this court for our examination.

These petitions for certiorari were brought by the husband who was the respondent in the divorce proceedings before the family court. Without objection by us, but on the initiative and mutual consent of the parties, both petitions were argued and briefed as a single cause. We shall, however, dispose of each petition by separate decisions in a single opinion.

It appears from such records that on February 8, 1963, Joanne Sulyma, hereinafter referred to as the wife, filed a petition for divorce from the bed, board and future cohabitation against the instant petitioner, hereinafter referred to as the husband, and concomitantly therewith filed an interlocutory petition for custody of a minor child, use of the household furniture and effects, support pendente lite, counsel and witness fees, and for general relief. The interlocutory petition was heard on February 15, 1963 and resulted in a decision which awarded, inter alia, a counsel

fee in the amount of $150. This decision was incorporated in a decree entered February 20, 1963.

At the hearing the husband appeared pro se, but thereafter engaged counsel who entered an appearance and on the same day the decree was entered gave notice of his intention to prosecute a bill of exceptions to that portion of the decision awarding the counsel fee in question. A bill of exceptions was duly prosecuted to this court but was withdrawn on June 27, 1963 by stipulation. On the same day he filed the first petition for certiorari, having been granted leave at a time when we were without knowledge that the bill of exceptions was pending in this court.

The husband now argues that his bill of exceptions did not lie, not however in justification of his withdrawing said bill, but solely in support of the proposition that certiorari is the proper remedy. See *Rosenfeld* v. *Rosenfeld*, 51 R. I. 381. He makes several contentions which go to the correctness of the family court justice's decision. In the circumstances heretofore related, however, we are of the opinion that the writ was improvidently issued and these contentions will not be considered.

The records further disclose that on February 21, 1963 the wife filed a motion in the family court to adjudge her husband in contempt, and to award counsel fees for the hearing thereon and to defend against the bill of exceptions of which the husband had given notice of intention to prosecute. A hearing was had and on March 13, 1963 a decree was entered ordering the husband to pay a counsel fee of $60 for services rendered in connection with the motion and $300 for services to be rendered in defending against the bill of exceptions.

There then followed a series of motions brought by the wife to adjudge the husband in contempt. Pursuant to the motion filed April 15, 1963, the husband was found to be in willful contempt and a decree embodying the findings

and order was entered on June 18, 1963. Some argument has been made as to the effect of such decision and decree, the wife contending, in effect, that it changed the character of the award. However, in the view we take of the instant proceedings we deem it unnecessary to consider her contention in this regard.

On July 5, 1963, the husband filed a motion in the family court which, in substance, sought to quash the decree of March 13, 1963, ordering him to pay $360 as aforesaid, and prayed that moneys paid pursuant thereto be returned to him for the reason that the bill of exceptions had been withdrawn. This motion was heard on September 27, 1963 and denied. Thereupon the husband filed in this court the second petition for certiorari.

He contends, first, that the family court justice erred in awarding counsel fees for services to be performed in futuro or, if proper, the basis for the award no longer existed since the bill of exceptions had been withdrawn. We find that there is no merit in either contention.

In *DiNofrio* v. *DiNofrio*, 85 R. I. 21, a superior court justice awarded a counsel fee to the wife in order that she might defend against the prosecution of a bill of exceptions by her spouse, and this court held that the award was authorized by the provisions of what is now G. L. 1956, §15-5-16, the same provision on which was based the award in the instant case. Although in *DiNofrio* the bill of exceptions was taken to the denial of the husband's cross petition while here a counsel fee was awarded to defend against a bill of exceptions taken to the award of a prior counsel fee, we perceive no reason to make a distinction. The issue raised is the same, namely, the jurisdiction of the court to award counsel fees for services to be performed in the future.

At the time the husband in the instant case was seeking to have the decree of March 13, 1963 quashed and moneys paid pursuant thereto remanded on the ground that with-

drawal of the bill of exceptions precluded the necessity of the legal services contemplated, he had pending in this court a review by way of certiorari of the very question raised by the bill of exceptions. Nothing could be more apparent than the fact that the prospective litigation for which a counsel fee was awarded was not rendered unnecessary by the substitution of certiorari for the bill of exceptions.

In each case the petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered returned to the family court with our decision endorsed thereon.

*Pontarelli & Berberian, Aram K. Berberian,* for petitioner Richard A. Sulyma.

*Kirshenbaum & Kirshenbaum, William Young Chaika,* for respondent Joanne Sulyma.