227 A.2d 477.

JOSE M. PIRES *vs.* WILHELMINA G. PIRES.

MARCH 23, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. These are two appeals from separate decrees of the family court which after permission were consolidated for hearing in this court.

The record establishes that the parties were married October 26, 1943 and that sometime in 1951 respondent, hereinafter referred to as "the wife," commenced suit in the superior court for a divorce a mensa et thoro. The petitioner, hereinafter referred to as "the husband," thereupon filed a motion in the nature of a cross petition for an absolute divorce.

These proceedings, we are informed, were discontinued by the parties on February 22, 1952 when they entered into a property settlement agreement. By its terms the parties agreed to live separate and apart and specifically-designated real and personal property in which the husband had an interest was transferred exclusively to the wife in consideration of which "Wilhelmina hereby releases and discharges Jose from all obligations for her support for the remainder of her life."

Apparently both parties lived up to the agreement and on August 31, 1962, pursuant to the provisions of G. L. 1956, §15-5-3, the husband filed a petition in the family court for an absolute divorce on the ground that the parties had lived separate and apart for the space of at least ten years. After a hearing thereon the petition was granted and a so-called interlocutory decree was entered June 26, 1964 granting the divorce but further providing: "The petitioner is ordered to pay the respondent the sum of $10 per week in alimony

payable each week commencing February 3, 1964, and petitioner has until July 26, 1964 to make up past payments due."

No review of the decision as set forth in that decree was sought in this court and apparently no final decree has ever been entered. The husband, however, appears to have assumed that the alimony award of $10 weekly was unenforceable by reason of the waiver of support during her lifetime contained in the property settlement agreement and he made no such payments. On October 30, 1964 the wife filed a motion to adjudge the husband in contempt. A hearing was held thereon resulting in a finding January 8, 1965 that the husband was in contempt and a decree was entered to this effect January 27, 1965. By its terms the husband was permitted to purge himself by paying to the wife "the arrearage of four hundred ninety dollars ($490.00) forthwith and continuing to abide by the order of this court." From this decree the husband seasonably appealed.

The wife thereupon filed a motion for the allowance of counsel fees, expenses and costs to be incurred in defending against her husband's appeal from the contempt judgment and after a hearing thereon a so-called decree (actually a judgment, see §14-1-52, as amended, effective January 10, 1966) was entered ordering the husband to pay a counsel fee of $250, and from this decree or judgment the husband appealed to this court. On May 2, 1966 permission to consolidate both appeals for hearing in this court was granted and they were so considered.

In support of his appeal from the contempt judgment the husband contends that the family court justice erred in not holding him free of contempt on the ground that the waiver of support during her lifetime heretofore mentioned constituted, or should constitute, a bar to recovery on her contempt motion. He cites *Phillips* v. *Phillips*, 39 R. I. 92, and *Brown* v. *Brown*, 48 R. I. 420, for the proposition that

the February 22, 1952 agreement should be enforced because it was not unjust, collusive or misleading to the court and was freely agreed upon between the parties.

That the agreement in question should have been given more consideration by the family court justice who awarded alimony may have merit, but that cannot be urged in these proceedings. No appeal was taken and with the passing of each week the award of $10 ripened into a judgment. G. L. 1956, §15-5-16; *Hurvitz* v. *Hurvitz,* 44 R. I. 501; *Ciallella* v. *Ciallella,* 81 R. I. 320.

In *Asadoorian, For Writ of Habeas Corpus,* 48 R. I. 50, this court held that the superior court has no power under guise of modification to expunge the amount of accrued allowance at the time of commitment, nor has the supreme court power to decree an execution satisfied by reason of the fact that a petitioner in divorce has been committed for a certain length of time under execution.

Nor is there merit in the husband's contention that this court should reverse the order of the family court justice adjudging him in contempt. He claims that if the wife had sought execution of the judgment at law her prior waiver of support would constitute a defense to her action, but cites no authority. Whether this be so we do not inquire since the short answer is that she elected to invoke the power of the family court to enforce its decree through proceedings for contempt, an election she had the right to make. *Reynolds* v. *Reynolds,* 53 R. I. 326. We hold, therefore, that the family court justice did not err in adjudging the husband in contempt, and further that the decree upon which the award of alimony served as the basis for the contempt judgment is deemed to be concluded, there having been no appeal therefrom. See *Heroux* v. *Heroux,* 59 R. I. 212.

The husband's remaining appeal, however, presents a different question. It is argued on behalf of the wife that the award of a counsel fee to assist in her defense against

the appeal taken from the contempt judgment represents a valid exercise of the family court's inherent power to enforce its decrees, citing *Sulyma* v. *Sulyma,* 98 R. I. 22, 199 A.2d 599. There, however, the counsel fee awarded to the wife was to assist her in defense of her husband's bill of exceptions taken to the interlocutory decree entered on her petition for divorce and as such specifically authorized by the provisions of §15-5-16. That section expressly limits the jurisdiction of the family court in awarding counsel fees to the wife for the purpose of enabling her to prosecute or defend against a petition for divorce or separate maintenance. *Cornell* v. *Cornell,* 53 R. I. 352; *Gartner* v. *Gartner,* 79 R. I. 410; *DiNofrio* v. *DiNofrio,* 85 R. I. 21.

Here the wife is defending against an appeal from the contempt judgment and does not qualify for counsel fees to assist her in such an appeal. Allowance for counsel fees may be awarded by the family court only when expressly or by necessary implication authorized by statute, unless they are contained within a decree adjudging a respondent to be in contempt, in which case they may be imposed as one of the purging conditions. *Ciallella* v. *Ciallella, supra.* See also *Nelson* v. *Progressive Realty Corp.,* 81 R. I. 445.

It is this inherent power to enforce its own decrees as stated in the *Ciallella* and *Nelson* cases to which the wife refers and on which she relies, but this power is limited to counsel fees incurred in bringing the contempt petition to enforce the order of the decree ignored and does not encompass appeals from the family court to this court.

The husband's appeal from the contempt judgment incorporated in the decree of January 27, 1965 is denied and dismissed and the decree appealed from is affirmed. His appeal from the judgment entered as a decree February 11, 1966 allowing a counsel fee of $250 is sustained, the judgment reversed, and the records in the cause are remanded to the family court with our decision endorsed thereon.

*Saul Hodosh,* for Jose M. Pires.

*Harold H. Winsten,* for Wilhelmina G. Pires.