238 A.2d 373.

FILLIPPA ZINNI *vs.* DOMENIC ZINNI.

FEBRUARY 12, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J.  The petitioner wife was awarded an absolute divorce by a decree of the family court entered June 5, 1964. This decree set forth the terms of a property settlement between the parties, an award of $40 a week for the wife's support, and directed that a minor daughter should reside with her father, respondent, until the question of legal custody should be settled—the mother having every right of reasonable visitation in the meantime.  At the time this decree was entered, respondent was earning $17,000 annually.

In 1965, however, his earnings increased to $21,000 and on March 9, 1966, his former wife filed the instant petition in the family court to modify the terms of the June 5, 1964

decree. It prayed that custody of the minor daughter be awarded to petitioner; that the order of $40 weekly for her support be increased; and that petitioner be awarded counsel fees. The respondent filed a motion to amend the final decree praying for custody of the minor child and otherwise moved that his former wife's petition be denied and dismissed.

The cause was heard by a family court justice who denied respondent's motion except to the extent that custody was made joint, ordered him to pay a counsel fee of $500, increased the order of $40 a week for petitioner's support to $110 weekly for support of petitioner, and divided custody by leaving the child with respondent except for the period from 5 p.m. on Friday to 7 p.m. on Sunday weekly, when the girl would reside with her mother. Additionally, the daughter was to spend two weeks in the summer with her mother.

A decree containing these orders and the appropriate findings was entered June 1, 1966. On June 9, 1966, respondent filed a claim of appeal and on June 13, 1966, filed his reasons therefor.

The respondent's appeal apparently gave rise to a controversy as to the question of representation for the minor daughter in this court and on June 24, 1966, the family court justice appointed a member of the bar as guardian ad litem. From this order, respondent seasonably filed a claim of appeal and his reasons in support thereof.

Technically, the record thus establishes separate appeals taken by respondent, but in their oral arguments and briefs the parties have combined them as though there were but one appeal. For purposes of simplification, we deem it advisable, in this instance, to consider the appeals in the manner presented by the parties as though consolidation had been previously authorized by us. Such indulgence by us in this instance, however, should not be construed as pre-

cedent for the proposition that this court is indifferent to unauthorized departures from approved procedure!

In his reasons of appeal, respondent assigns the usual grounds of error, in support of which he makes five arguments. However, one such ground requires little discussion. It is, that it was unlawful for the family court justice to assume that an improvement in respondent's financial position which came about subsequent to the entry of the decree awarding petitioner $40 weekly for her support, justifies increasing that allowance on the theory that petitioner is entitled to share in her former husband's post-marital affluence. His decision, fairly read, rests on findings that a change in petitioner's circumstances had increased her requirements and that respondent had the means to furnish increased support. It is as to these findings that his decision will hereinafter be reviewed.

Still another of respondent's reasons of appeal, and one which requires little discussion at this juncture, is that the decision of the trial justice denying his motion is contrary to the law and the evidence. Save for his prayer that the decree of June 5, 1964, should be modified so as to give him sole custody of the minor daughter of the parties, our decision with regard to his remaining reasons of appeal is such as to be dispositive of his contention that it was error for the trial justice to deny respondent's motion.

We find no merit in his contention that the decision denying him sole custody is contrary to the law and the evidence. It is well settled that when considering cross motions for sole custody of a minor child, the controlling factor is that which is the best interest of the child for the time being. *Kelley* v. *Kelley*, 77 R. I. 229, 74 A.2d 452 (1950), and *Loebenberg* v. *Loebenberg*, 85 R. I. 115, 127 A.2d 500 (1956).

Here, the trial justice found as a fact that both parents were fit persons to whom, in the interest of their minor daughter, custody might be properly awarded. He reviewed

the history of the girl's residence with her father and visits with her mother, and concluded that the child's best interest would be served if he placed her in their joint custody subject to her residing with her mother on weekends and with her father the rest of the week, while responsibility for physical control of the child remained with her father. From our review of the evidence on which the trial justice made his findings we cannot say that his decision is clearly wrong. *Loebenberg, supra.*

We turn then to a consideration of respondent's contentions relative to his remaining reasons of appeal.

1. The appointment of a guardian ad litem.

It is well settled that whenever in any judicial proceeding it shall be made to appear that there are interests of a minor to be protected, the judicial officer presiding has the inherent power to appoint a guardian ad litem for the protection of the minor's interests. See *Keenan* v. *Flanagan,* 50 R. I. 321, 147 Atl. 617 (1929), and *Stanton* v. *Sullivan,* 62 R. I. 154, 4 A.2d 269 (1939). His jurisdiction in this regard, however, must be exercised sub judice to the end that the guardian thus appointed can assist the court in determining the rights of the minor in the tribunal where the guardian is appointed. If a guardian ad litem is so appointed, he then has standing to represent the minor in the appellate court in the event that the interests of the minor are involved in the appeal. In the case at bar the guardian ad litem was not appointed to assist the family court justice in the hearing held by him and he was without jurisdiction to appoint a guardian ad litem to represent the interests of the minor daughter in this court. The appointment on June 24, 1966, of a guardian ad litem was therefore a nullity.

2. Award of counsel fees.

The jurisdiction of a family court justice to award a counsel fee is contained in G. L. 1956, §15-5-16. The extent of this jurisdiction was carefully considered in *Gartner* v.

*Gartner,* 79 R. I. 399, 406, 89 A.2d 368, 373 (1952), where the court stated, "We agree with respondent's contentions that the superior court's jurisdiction in divorce is purely statutory and that there is no statute authorizing it to award the wife counsel fees except to enable 'her to prosecute or defend against' a 'petition for divorce or separate maintenance.'" See also *Harson* v. *Harson,* 82 R. I. 71, 105 A.2d 812 (1954), and *Luttge* v. *Luttge,* 98 R. I. 211, 200 A.2d 599 (1964).

The petitioner contends, however, that the counsel fee was awarded to assist her in prosecuting a petition for an increased allowance—necessitated, at least in part, because of expenses which would be incurred as a result of her having been awarded custody of the minor daughter. In support thereof she likewise cites *Gartner, supra,* wherein it was held that what is now §15-5-16 authorized an award of counsel fees for the prosecution of a petition brought by the minor child's mother, who had been awarded custody, to secure an increase in an allowance previously awarded for the boy's support. That decision is of no assistance to petitioner here.

As previously noted, in the divorce decree entered June 5, 1964, custody had been left open but the minor daughter was to reside with respondent who, as her father, had the legal obligation for her support. The instant petition for modification of the allowance made for petitioner's support as well as seeking to have custody awarded to petitioner was brought solely for her personal benefit, and the award of a counsel fee of $500 or any other amount was ultra vires of the family court justice's jurisdiction.

3. Modification of petitioner's allowance for support.

The terms of an award of alimony contained in a final decree of divorce are conclusive on the parties unless and until they are altered, amended or annulled by a justice of the family court in which the decree was entered. G. L. 1956, §15-5-6, as amended, and see *Brown* v. *Smith,* 19 R. I. 319,

33 Atl. 466 (1895). That case was concerned with the modification of an award for the support and education of minor children and when decided in 1895 the court lacked authority to modify an award of alimony. *Sammis* v. *Medbury,* 14 R. I. 214 (1883). It was also held in the last-cited case that the jurisdiction to make provisions for alimony is purely statutory.

With the enactment of P. L. 1917, chap. 1532, judicial jurisdiction was extended to include modification of an award of alimony. Whereupon the holding of this court in *Brown, supra,* became applicable to the provisions of now §15-5-6.

Furthermore, it is well settled in this state that it is the burden of the former wife, in seeking to have an allowance for her support increased, to prove by a fair preponderance of the evidence that there has been both a change in her circumstances necessitating an increase, and in the ability of her former husband to pay such increase as may be ordered. *Gordon* v. *Gordon,* 95 R. I. 299, 186 A.2d 732 (1962).

In the case at bar, petitioner established that respondent's annual income had increased from $17,000 at the time the final decree was entered to $21,000 at the time she filed the instant petition. In support of her claim of changed conditions necessitating an increase, she relied partly on the expectation that the court would modify the final decree so as to award her sole custody of the minor daughter in connection with which she requested a weekly increase of $97.04 for the support of the child. According to her testimony and a list of estimated expenses which became a part of the record as petitioner's exhibit number 1, weekly expenses for herself amounted to $138.50. The combined support for herself and her daughter was thus estimated at $235.54. It is readily apparent from her testimony that a number of the expenses anticipated as necessary for the support of the daughter are duplicated in the estimation of her personal expenses. In any event, the family court justice found as a

fact that petitioner's conditions had so changed as to require an increase of $70 weekly, and modified the order contained in the final decree by increasing it from $40 to $110 weekly.

Although he awarded custody jointly, the trial justice makes it clear in his decision that the minor daughter's residing with her mother on weekends was in the nature of visitation rights. He stated:

"* * * Physical control until further order of this Court to be in the respondent, subject to visitation rights by the petitioner. The terms of the visitation rights to be as follows: the petitioner is to have the child with her from Friday, from each Friday from five p.m. until Sunday at 7 p.m. The child is to stay with the petitioner on Friday evening and Saturday evening. The child is to remain with the respondent at all other times. During the summer vacation period, the petitioner is to have the child with her for a two-week period during the summer vacation. The time to be agreed upon by the parties."

Significantly, the order of $110 weekly was made for the support of petitioner and no allowance was given to her for the support of the child. The responsibility for such support remains with respondent.

In making his findings that petitioner required $110 weekly and that respondent had the financial ability to make such payments, the trial justice does not give us the benefit of pointing out the evidence on which he relied. In such cases this court independently examines the evidence and sustains, modifies or reverses according to the fair preponderance of the evidence as we see it. *Lacombe* v. *Lacombe,* 78 R. I. 118, 79 A.2d 760 (1951).

At the outset, we hold that there are certain expenses which will be incurred by petitioner as a result of a change in her condition which justify a modification of the alimony award contained in the June 5, 1964 decree, and further that respondent has the financial means to comply with the order as thus modified. We cannot agree, however, that the

competent evidence warrants an increase of $70 weekly. Much of petitioner's evidence amounts to nothing more than speculation, while other evidence relates to expenses for the support of her daughter for which petitioner is not responsible. It would serve no useful purpose to discuss such testimony here. Suffice it to say that in connection with the weekend visits of her daughter, petitioner will be put to additional expenses not contemplated in the June 5, 1964 award. The principal such expense is the renting of an apartment sufficient to accommodate her and her daughter weekends, which petitioner has already procured at a weekly rent of $25. Against this, however, is a resulting saving to petitioner of the weekly expense previously incurred for a room at the Y. W. C. A. for which accommodation petitioner had been paying $3.25 daily when not residing at a local parish rectory where she sometimes worked and still had living quarters if desired. Her testimony in this regard is rather difficult to understand, but in any event we think that some allowance should be made for the weekly rent of the apartment. There is also the question of the increased expenses for meals, entertainment and minor miscellaneous commitments arising out of the daughter's two-day residence with the petitioner each week. Further, although the evidence thereof is vague, we think the petitioner establishes medical expenses now being incurred by her in excess of those to which she was subject at the time of the entry of the order sought to be modified. Taken altogether, it seems to this court that the competent evidence is such as to call for a modification of from $40 to $70 weekly and we so hold.

The respondent's appeal is sustained, the decree appealed from is ordered modified, and on February 19, 1968, the

426

parties may present to this court in chambers a decree consistent with this opinion for our approval.

*Kirshenbaum & Kirshenbaum, Alfred Factor, Jacob J. Alprin,* Guardian Ad Litem, for Gloria Zinni, petitioner.

*Joseph E. Marran, Jr.,* for respondent.