347 A.2d 631.

JANICE ROSE CALITRI *vs.* RONALD ROBERT CALITRI

NOVEMBER 28, 1975.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. On November 18, 1971, a final decree was entered in the Family Court granting the petitioner a divorce, awarding her the household furniture and custody of the minor child of the parties subject to reasonable visitation rights, and ordering the respondent to pay to the petitioner the sum of $35 per week for the support of the child. The respondent was also ordered to keep Blue Cross and Physician's Service in effect. The question of alimony was left open. The case is here on the respondent's appeal from an order entered on May 10, 1972, granting the petitioner's motion to modify the final decree.

On December 3, 1971, petitioner filed a motion to modify the final decree on the ground that there had been a substantial change in her circumstances because her earning capacity had substantially decreased and the expenses for herself and the minor child had substantially increased since the entry of the final decree.[1] She also alleged that she was without funds with which to prosecute the instant motion. She sought a modification with respect to payments to be made to her by respondent for her support and for the support of the minor child. She also asked the court to award her counsel fees for herself and for the minor child for the prosecution of this proceeding.

---

[1] The November 18, 1971 final decree was a consent decree which was entered by agreement of the parties. There is nothing in the decree indicating the needs of petitioner for support of herself or the minor child; nor does the decree contain anything about the earnings of either party or of respondent's ability to pay.

The record indicates that at the time the final decree was entered petitioner was employed and earning a take-home pay of $80 per week. Her mother was then taking care of her 3-year-old minor daughter. She said she terminated her job in December 1971 to take care of her child because her mother was no longer able to do so. Since January 1972 she had been living on welfare payments of $12 dollars every 2 weeks plus the payment made by respondent pursuant to the final decree. She testified that her weekly expenditures totaled $128.

The respondent testified about his income and expenditures. His net pay was $377 every two weeks. He was living with his parents and paying them $35 per week in cash for rent, food and laundry. He received a raise of $1,200 per year in January 1972 but said he only received a net of $5 per week as a result of such raise because more was deducted from his pay for increased taxes and other charges. His list of expenditures, which is in evidence, shows net monthly income of $754 and total monthly expenditures of $670, indicating that he had $21 per week left after all the expenditures were made.

In his decision granting petitioner's motion to modify, the trial justice found that there had been a substantial change in circumstances of petitioner since the entry of the final decree indicating an increase in her needs and the needs of the minor child. He also found that since the entry of the final decree respondent had an increased ability to pay for the increased needs of petitioner and the minor child and that he then had the ability to pay to petitioner the sum of $45 for the child's support and the sum of $15 for the support of petitioner each week commencing April 5, 1972. He modified the final decree accordingly. Additionally he ordered respondent to pay petitioner a counsel fee of $300 in connection with her petition insofar as it sought increased support for the

child. On May 10, 1972, an order embodying the trial justice's findings and orders was entered.

We address ourselves first to respondent's contention that the decision of the trial justice, and the order based thereon, is against the law and against the evidence and the weight thereof. The law applicable in a case involving a motion to modify a decree ordering child support has been stated innumerable times by this court. The moving party has the burden of proving by a fair preponderance of the evidence that the child's need for support has increased; that the child's father is financially able to pay more than the amount fixed in the decree appealed from; and that until such a change in conditions has been shown, the rights of the parties will remain settled under the existing decree. *Ferrazza* v. *Ferrazza*, 102 R. I. 265, 266, 229 A.2d 773, 773-74 (1967). The same rule applies where a former wife seeks to have an allowance for her support increased. *Zinni* v. *Zinni*, 103 R. I. 417, 423, 238 A.2d 373, 377 (1968).

With respect to petitioner's request for support for herself, respondent admits that in view of her unemployment, a substantial change in circumstances has taken place. However, respondent argues that petitioner has failed to show by a fair preponderance of the evidence that he was financially able to pay the increase awarded by the trial justice. The respondent argues that the evidence showed an increase of only $4.95 per week in respondent's income since the entry of the final decree and therefore the trial justice's action in increasing the payments was arbitrary and capricious and not supported by the evidence.

We do not agree with respondent's position on this issue. It is undisputed that in January 1972 he received an increase of $1,200 per year in his salary. The respondent listed his income and itemized his expenditures, but a

reading of the transcript shows that the trial justice was not satisfied with respondent's explanation of the deductions from his pay or with his testimony concerning the amount of money he was paying his parents for rent, food and laundry. Consequently, he concluded that with the increase respondent was financially able to pay the additional amount.

The respondent next contends that there was no legal justification for the trial justice to increase the child support by $10 per week in view of the following colloquy between petitioner and respondent's counsel during cross-examination:

"Q * * *
Will $35.00 a week support your daughter alone, just for her needs alone?
"A  I don't — Yes, I guess so."

The respondent argues that there is no other testimony as to the child's needs or as to a change in the child's circumstances. Again, we cannot agree with respondent. There is other evidence showing a change of circumstances creating a need for additional support for the child's support from her father. We need only point to petitioner's inability, because of her unemployment, to do as much as she previously did in meeting the child's needs. *Compare Ferrazza* v. *Ferrazza, supra* at 267, 229 A.2d at 774. The trial justice was warranted in finding that the mother's unemployment was a change of material circumstances which affected the child's need for additional support from the father.

On this record we cannot say that the trial justice was clearly wrong in finding (1) that petitioner had shown by a fair preponderance of the evidence that there had been a substantial change in circumstances requiring additional support for herself and the minor child and (2) that respondent was financially able to pay the increased amounts found necessary by the trial justice to meet the

increased needs and welfare of petitioner and her daughter.

We come now to respondent's argument that the trial justice exceeded his authority in awarding petitioner a counsel fee. We agree with respondent's statement that the Family Court, being a statutory court, is limited in its authority to the powers granted it by the statute creating it. We also agree that there is no language in the controlling statute authorizing the Family Court to award the wife counsel fees except to enable "* * * her to prosecute or defend against any * * * petition for divorce or separate maintenance * * *."[2] *Folgo* v. *Folgo*, 107 R. I. 231, 234-35, 266 A.2d 52, 54 (1970); *Gartner* v. *Gartner*, 79 R. I. 399, 406-07, 89 A.2d 368, 372-73 (1952).

However, this court has held that in a proper case the Family Court has jurisdiction to award counsel fees in an action to provide support for children. As the court said in *Gartner*, *supra* at 406-07, 89 A.2d at 373:

> "The prosecution of her motion presenting questions pertaining to her personal rights or her defense against respondent's motions in the case at bar clearly does not come within the purview of that section. However, the trial justice did not award her counsel fees but rather expressly awarded them solely for the benefit of the child in prosecuting the motion for an increased allowance. We think an award of counsel fees for such a purpose falls in a special category and is properly within the discretion of the trial justice."

We believe that the situation in the case at bar is similar to that in *Gartner*. It is clear from a reading of the transcript that the trial justice was familiar with the opinion of this court in *Gartner*. He expressly stated that petitioner was not entitled to counsel fees to prosecute her motion for an increase, but he said "* * * she certainly is entitled to prosecute an increase in the support

---

[2]General Laws 1956 (1969 Reenactment) §15-5-16 is attached to this opinion as Appendix A.

payments for the support of the child." On this record we are convinced that the $300 counsel fee was awarded to petitioner for the purpose of enabling her to prosecute the motion for an increase in the support payments for the child. In the circumstances we find no error in the award of the $300 counsel fee.

*Zinni* v. *Zinni, supra,* is factually distinguishable from the case at bar. In *Zinni* we held that the petition was brought solely for the petitioning wife's personal benefit and, therefore, the award of a counsel fee of $500 or any other amount was beyond the Family Court's jurisdiction.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the Family Court for further proceedings.

Mr. Chief Justice Roberts did not participate.

## Appendix A

15-5-16. Custody and support of children—Allowances for prosecution of or defense against petition.—The said court may regulate the custody and provide for the education, maintenance, and support of children of all persons by it divorced or petitioning for a divorce, and of all persons to whom a separate maintenance may be granted or who may petition for the same; may in its discretion make such allowance to the wife, out of the estate of the husband, for the purpose of enabling her to prosecute or defend against any such petition for divorce or separate maintenance, in case she has no property of her own available for such purpose, as it may think reasonable and proper; which allowance shall be so far regarded as a judgment for debt that suits may be brought or executions may issue thereon for amounts due and unpaid, from time to time, to be shown by affidavits of the person entitled to the same and the attorney of record of such person, such executions to run against the goods and chattels of the husband, and for want thereof against his body; and the court may make all necessary orders and decrees concerning the same and the same at any time may alter,

amend, and annul for sufficient cause, after notice to the parties interested therein.

*Matthew J. Zito,* for petitioner.

*Joseph E. Marran, Jr.,* for respondent.