Seraphine R. MARQUES

v.

Deonalda M. MARQUES.

No. 98–225–A.

Supreme Court of Rhode Island.

Oct. 6, 1999.

Mark Sales, Bristol.

Joseph R. Maques.

## ORDER

The plaintiff, Seraphine R. Marques (husband), appeals from a Family Court order granting the motion for an award of attorney's fees that was filed by the defendant, Deonalda M. Marques (wife). Following a prebriefing conference, we directed the husband to show cause why his appeal should not be summarily decided. After reviewing the parties' written submissions and considering their oral arguments, we conclude that no cause has been shown and proceed to decide the appeal at this time.

The parties divorced in 1991. The final divorce judgment permitted the wife to remain in the former marital domicile until the parties' youngest child reached eighteen years of age, at which time it was to be sold. After the entry of the final judgment, the parties filed numerous contempt motions, alleging that one or the other party had failed to comply with the final judgment of divorce. The central point of contention revolved around the parties' inability to sell the marital domicile.

In November 1995 an order entered whereby the marital domicile was to be listed for sale and then sold forthwith. Nonetheless, because the house remained unsold, an order entered in October 1996 stating that the party occupying the former marital domicile would be required to pay $750 per month as rent for the use of the premises. The next month, the husband filed a motion to adjudge the wife in contempt of court, alleging that she had remained in the marital domicile without paying rent, as was ordered. Pursuant to an order entered in December 1996, the adult children of the parties, who continued to occupy the marital domicile, were required to vacate the premises. The court also ordered the parties to continue to pay their respective share of the expenses for the marital domicile and to list the property for sale with a mutually acceptable broker.

In May 1997, the husband again filed a motion to adjudge the wife in contempt, alleging that the wife and the adult children of the parties continued to reside in the marital domicile without paying rent. The wife filed an objection to the husband's motion, as well as her own motion to adjudge the husband in contempt. The wife asserted that the husband had failed to pay his share of expenses for the marital domicile, as he was ordered to do. In August 1997, the wife filed a subsequent motion to adjudge the husband in contempt for failure to provide medical coverage for her health benefits, as he was ordered to do, pursuant to the final judgment of divorce. As part of her motion, the wife sought to have the husband pay for her attorney's fees that she incurred in connection with the contempt motion. After a hearing, the trial justice found that "the Plaintiff's Motion to Adjudge in Contempt is a frivolous motion" and therefore denied the husband's motion. With respect to the wife's motion regarding the husband's alleged nonpayment of expenses for the upkeep of the marital domicile, the court denied it in part and granted it in part. The court also denied the wife's motion relative to medical coverage. The trial justice, however, did rule on the wife's attorney's fees motion at this time, but she granted the wife's oral motion to file an affidavit in support thereof. The trial justice then assigned this issue to a future hearing. Eventually, after conducting such a hearing, the trial justice ordered the husband to pay $4,000.50 for the wife attorney's fees.

On appeal, the husband asserts that the trial justice abused her discretion in making this award. The husband argues that the trial justice failed to conduct an inquiry as to whether each party had the ability to pay attorney's fees. He also contends that he lacks the ability to pay the wife's attorney fees. He does not, however, challenge the trial justice's finding of contempt.

In awarding attorney's fees to the wife in connection with the husband's contemptuous filing of a frivolous motion, the trial justice stated that she need not consider those factors set forth in G.L.1956 (1996 Reenactment) § 15-5-16, because this was a matter presented after entry of final judgment. The trial justice said:

> "The matters that are before the Court today are whether or not this Court has made a finding of contempt and whether or not the Court should impose sanctions for the Plaintiff's filing of a frivolous motion and, thus, requiring the Defendant to appear before the Court to defend that frivolous motion. This is an issue that is certainly well after Final Judgment. The determination of counsel fees is not being made in accordance with an issue regarding equitable distribution. The determination that is being made today is because of the cross motions filed by each party seeking a contempt order from this Court."

We have stated that "[i]t is within the authority of a Family Court justice to require a party to pay counsel and accounting fees pursuant to a finding of willful contempt." *Rogers v. Rogers*, 588 A.2d 1354, 1358 (R.I.1991) (citing *Pires v. Pires*, 102 R.I. 23, 26–27, 227 A.2d 477, 479 (1967); *Harson v. Harson*, 82 R.I. 71, 74–76, 105 A.2d 812, 814–15 (1954); *Ciallella v. Ciallella*, 81 R.I. 320, 326, 103 A.2d 77, 80 (1954)). Moreover, we will not disturb a trial justice's decision in this respect unless there had been an abuse of his or her discretion. *Id.*

In his motion to adjudge the wife in contempt, the husband argued that the wife and their adult children continued to reside in the martial domicile without paying rent in violation of a court order. As a result, he sought to have the wife ordered to pay the rental value of the marital domicile. After a hearing, the trial justice found that the husband had been aware that the children were residing in the former marital domicile, yet he took no action to remove them or to require them to pay rent. The trial justice concluded that, in light of his knowledge and acquiescence in this situation, the husband's contempt motion was frivolous. The husband does not challenge this finding on appeal.

Extensive testimony at the hearing on the wife's motion for attorney's fees focused upon the husband's: (1) income; (2) expenses; and, (3) ability to pay the wife's attorney's fees in connection with defending against his contempt motion. The trial justice considered such evidence in rendering her decision and in concluding that the husband had an ability to pay the award of attorney's fees. She also reviewed the wife's request for attorney's fees and found it to be appropriate and reasonable. In addition to this evidence, the trial justice reasoned that an award of attorney's fees should be imposed as a sanction for the husband's conduct in filing a frivolous contempt motion. In *Pires v. Pires*, 102 R.I. 23, 227 A.2d 477 (1967), this court stated:

> "Allowance for counsel fees may be awarded by the family court only when expressly or by necessary implication authorized by statute, *unless they are contained within a decree adjudging a respondent to be in contempt, in which case they may be imposed as one of the purging conditions*." 227 A.2d at 479 (citing *Ciallella v. Ciallella*, 81 R.I. 320, 103 A.2d 77 (1954); *Nelson v. Progressive Realty Corp.*, 81 R.I. 445, 104 A.2d 241 (1954)) (emphasis added).

Here, the imposition of the attorney's fees was one of the purging conditions for the husband's contempt in connection with

the filing of a frivolous motion. Therefore, the trial justice's award of attorney's fees was not in error.

Based upon the foregoing, we affirm the order awarding attorney's fee to the wife and deny and dismiss the husband's appeal.