**John J. TWOROG**

**v.**

Dolores M. TWOROG.

Nos. 2013–105–APPEAL, 2014–76–APPEAL, 2014–135–APPEAL.

Supreme Court of Rhode Island.

July 12, 2016.

John J. Tworog, Pro Se

William J. Burke, Esq.

ORDER

These consolidated appeals came before the Supreme Court on March 31, 2016, pursuant to an order directing the parties to appear and show cause why the issues raised herein should not be summarily decided. We conclude that cause has not been shown and that the appeals may be decided at this time. For the reasons set forth herein, we affirm the rulings of the Family Court.

This case marks the second round of a bitter and protracted divorce dispute between the plaintiff, John J. Tworog (John), and his now-former wife, the defendant, Dolores M. Tworog (Dolores).[1] Before this Court once again, John, who appears *pro se*, appeals from an order awarding Dolores attorneys' fees, which were assessed in connection with a contempt finding that was affirmed by this Court in *Tworog v. Tworog*, 45 A.3d 1194, 1200 (R.I. 2012) (*Tworog I*); a judgment awarding Dolores $69,000, plus statutory interest and costs; and the denial of his motion for a new trial.

---

1. For the sake of clarity, we refer to the parties by their first names. We intend no disrespect.

Because our opinion in *Tworog I* contains a detailed recitation of the troubling facts and travel of this dispute, we recount only those facts that are necessary to place the issues into their proper context. On August 28, 2008, a final judgment of divorce entered, providing that John was permitted to remain in possession of the marital property for a two-and-a-half-year period commencing on May 12, 2008. The terms of the final judgment provided that John would "be responsible to pay the mortgage and the household bills during that period." John failed to keep current on his mortgage payments and exhausted a $6,000 dormant joint line of credit established in both his and Dolores's names during their marriage. Consequently, a Family Court justice adjudged John to be in contempt, and, in *Tworog I,* 45 A.3d at 1200, this Court upheld the contempt finding on the basis that John had not made the mortgage payments.

Upon remand of the case to the Family Court, Dolores filed a motion seeking $26,325 in attorneys' fees for all legal work that arose from John's noncompliance with the final judgment and his defiance of subsequent orders directing him to fulfill his mortgage obligations. Notwithstanding the fact that John appeared *pro se,* he subsequently filed his own motion for counsel fees, requesting that the court order Dolores to compensate him for the same number of hours as her attorney had spent litigating the post-judgment matters. On December 17, 2012, a Family Court justice granted Dolores's motion for an award of attorneys' fees. An order entered on December 20, 2012, from which John timely appealed (No. 2013–105–A).

John and Dolores continued to spar in Family Court in connection with a flurry of motions filed by both parties primarily regarding the sale of the marital property. On December 23, 2013, in a bench decision,

a Family Court justice ordered John to pay Dolores $51,000 for her economic loss on the marital property, in addition to an $18,000 debt pursuant to the final judgment that he had yet to satisfy, for a total judgment of $69,000, plus statutory interest and costs. Judgment entered on January 10, 2014, and John filed a timely appeal (No. 2014–76–A). On January 21, 2014, John filed a "Motion * * * for a New Trial and to Alter and Amend the Judgment," which a Family Court justice denied. John timely filed his appeal (No. 2014–135–A).

Before this Court, John—a former member of the Rhode Island bar—cites multiple grievances with respect to the handling of his case in the Family Court and to the opinion of this Court in *Tworog I.* The papers John filed with this Court consisted primarily of an aggressive, rambling, and colorfully-worded assault on the character of one of the Family Court justices who presided over his case, as well as on Dolores, her adult son, and her attorney. The assignments of error were muddled and difficult to untangle, and the papers contained multiple passing references to purported error that were not developed in any meaningful way.

It is not the function of the Supreme Court to decipher arguments that a party has failed to develop lucidly on its own. *See McMahon v. Deutsche Bank National Trust Co.,* 131 A.3d 175, 176 (R.I.2016) (mem.); *see also Perry v. Anonymous Physician I,* 25 N.E.3d 103, 105 n. 1 (Ind. App.2014), *cert. denied,* —— U.S. ——, 136 S.Ct. 227, 193 L.Ed.2d 132 (2015) (declining to "address arguments that are inappropriate or too poorly developed or expressed to be understood"); *Headley v. Morgan Management Corp.,* 137 N.M. 339, 110 P.3d 1076, 1079 (Ct.App.2005) (declaring that the court "will not review unclear arguments[] or guess at what [a party's]

arguments might be"); *Breen v. Black,* 353 P.3d 725, 731 (Wyo.2015) (declining to entertain an issue on appeal because the "argument * * * consist[ed] entirely of hyperbole and conclusions without cogent reasoning or pertinent authority"). For this reason, we conclude that the challenge to the award of attorneys' fees (No. 2013–105–A) is the only issue adequately preserved for appellate review. We proceed to address the merits of that claim of error.

"[I]t is within the authority of a Family Court justice to require a party to pay counsel and accounting fees pursuant to a finding of willful contempt." *Marques v. Marques,* 741 A.2d 272, 273 (R.I.1999) (mem.) (quoting *Rogers v. Rogers,* 588 A.2d 1354, 1358 (R.I.1991)). This Court will not upset that decision absent an abuse of discretion, *id.,* and we perceive no reason to do so in this case. Our careful review of the record reveals that the trial justice based the award of attorneys' fees on the finding of contempt that was affirmed by this Court in *Tworog I.*[2] Dolores presented expert testimony regarding the reasonableness of her attorney's billing rate and the hours he spent on the case, and, in John's own motion for attorneys' fees, John "adopt[ed] the hours proposed by [Dolores's attorney]" as the number of hours he expended representing himself on the matter. In light of the ample evidence that existed in support of the reasonableness of the award, the Family Court justice did not abuse his discretion.

---

**2.** John has devoted a substantial portion of his filings to rehashing the merits of the contempt finding previously reviewed and affirmed by this Court in *Tworog I.* However, "[t]he doctrine of *res judicata* clearly bars this Court from resolving issues that already have been raised and decided in a previous proceeding." *Pelletier v. State,* 966 A.2d 1237, 1242 n. 2 (R.I.2009). Further, John's claim that the trial justice did not find him in contempt is belied by the record.