25 N.J. Super. 197 (1953)
95 A.2d 762
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LAWRENCE JANIEC, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Considered February 24, 1953.
Decided March 17, 1953.
*199 Before Judges EASTWOOD, BIGELOW and JAYNE.
Mr. George A. Gray of counsel for the plaintiff-respondent (Mr. J. Victor Carton, attorney).
Mr. Lawrence Janiec, Jr., pro se.
PER CURIAM.
The sole issue posed by this appeal is whether a fixed sentence of one year in State Prison on a conviction of contempt in facie curiae was proper.
On June 6, 1951, under the authority of Rule 2:8-1, the defendant was convicted by the Monmouth County Court of the aforementioned contempt. See N.J.S. 2A:10-1. Thereupon the court sentenced Janiec to "the New Jersey State's Prison for a period of one year to run consecutively with the previous sentences." On June 8, 1951 the sentencing judge stated for the record: "The court is aware of the section of the Revised Statute 2:192-4, which provides that `All sentences to the New Jersey State Prison shall, on and after May 26, 1932, be for a maximum and minimum term, except sentences for life * * *' et cetera," and directed that Janiec be returned to the court on September 17, 1951 for the imposition of a sentence to State Prison for a period of not less than one year nor more than a year and a day. However, on September 17, 1951 the County Court decided not to disturb the sentence of one year in State Prison imposed on June 6, 1951.
The defendant having requested the County Court for the correction of said sentence, was informed by the court in a communication dated September 18, 1952, inter alia:
"The Court * * * has re-examined Revised Statutes 2:192-4 and is now of the opinion that it does not apply to a sentence imposed for contempt. Therefore, the Court retracts its statement of June 8, 1951, and will not disturb the sentence imposed on June 6, 1951.
I am still of the opinion that the sentence imposed on June 6, 1951, was a legal one and, therefore, your application is denied."
*200 "A criminal contempt is a public wrong; it is a misdemeanor. Staley v. So. Jersey Realty Co., 83 N.J. Eq. 300 (Sup. Ct. 1914). It may be prosecuted on indictment like other crimes. In re Kerrigan, 33 N.J.L. 344 (Sup. Ct. 1869)." Zimmerman v. Zimmerman, 12 N.J. Super. 61, 66 (App. Div. 1950). Under Rule 3:80-2, a contempt, whether criminal or civil, "shall be prosecuted in the action in which it occurs." One convicted of a misdemeanor "shall be punished by a fine of not more than $1,000, or by imprisonment for not more than 3 years, or both." N.J.S. 2A:85-7. Where a sentence to the New Jersey State Prison is imposed, it "shall be for a maximum and minimum term, except sentences for life. The maximum term shall not be in excess of the maximum term prescribed by law for the offense for which the offender was convicted. The minimum term shall not be less than 1 year." N.J.S. 2A:164-17.
In view of the fact that the offense of which the defendant was convicted is a misdemeanor and that the sentence imposed was one of confinement in the State Prison, the fixed sentence of one year, under the aforementioned statutory provision, is clearly erroneous.
"Only the Legislature may ordain the punishment for crime and the sentencing court may not impose a sentence inconsistent there-with. State v. Dugan, 84 N.J.L. 603 (Sup. Ct. 1913); affirmed 85 N.J.L. 730 (E. & A. 1914). The statutory language employed by the pertinent provision mandatorily directs the sentencing court to impose a `maximum and minimum term, except sentences for life' in all sentences to the New Jersey State Prison. * * * In 24 C.J.S., Criminal Law, sec. 1582, p. 111, it is stated: `* * * Under an indeterminate sentence law, the court cannot fix the minimum and maximum term of imprisonment to expire at the same time.'" State v. Moore, 21 N.J. Super. 419, 424 (App. Div. 1952).
Cf. In re Kershner, 9 N.J. 471 (1952).
The matter is remanded to the County Court for the imposition of an appropriate sentence in conformity with the views hereinbefore expressed.