CELIA NELSON *et al. vs.* PROGRESSIVE REALTY CORP.

APRIL 14, 1954.

PRESENT: Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This is an appeal in equity from a decree of the superior court adjudging the respondent corporation

and its president and treasurer guilty of contempt for violation of an injunction, and imposing a penalty in the sum of $825 as damages to the complainants.

The bill in equity originally was brought by complainants, as owners of certain property located at premises numbered 36 and 37 Homer street in the city of Providence in this state, to temporarily and permanently enjoin respondent, its agents and servants, from moving a building to 38 Homer street, a location west of and beyond the aforesaid properties. Summarily stated, the bill alleged that in the course of such moving certain full-grown trees in front of complainants' premises would have to be cut or disturbed; that chapter 524, section 63 (c), of the city ordinances prohibits any such action by the mover of a building without the written consent of the owner of the premises abutting on that part of the street where the trees stand; and that complainants had given respondent no such consent.

Following a hearing for a preliminary injunction, the court found that respondent had not obtained the consent required by the ordinance, and that its building could not be moved to the intended location without injury to the trees in front of complainants' premises. A decree incorporating those findings was thereafter entered enjoining the respondent corporation, "its officers, agents, servants, employees and contractors * * * from cutting, removing or disturbing" the trees in question without complainants' consent.

While such injunction was in full force and effect respondent, with the advice of counsel, made certain measurements and, apparently believing from a consideration thereof that the building could be moved without injury to complainants' trees, went ahead and completed the moving of the building to its new location. But, contrary to expectations, in the course of such moving the trees were in fact damaged by way of a few broken limbs, branches and some sheared

foliage. The complainants thereupon brought a petition to adjudge respondent in contempt for violation of the outstanding injunction.

At the hearing on such petition the only evidence of record on the question of damages was the conflicting testimony of tree experts respecting the nature and extent of the injury to the trees and the cost of repairing the same. The decree, entered in accordance with the court's decision, sets forth that the respondent corporation and its president and treasurer were adjudged to be in contempt and that they might purge themselves thereof by paying the sum of $825 within thirty days from the date of the decree in the following manner: $225 to complainants Celia and Irving Nelson, $100 to complainant Sydney Reuter, and $500 to their counsel. The respondent then duly appealed to this court claiming that the foregoing decree was against the law and the evidence and the weight thereof.

In the circumstances of this cause we deem it unnecessary to discuss at length the law of contempt. Although the line of demarcation between criminal and civil contempt is not always clear, yet subject to constitutional requirements or statutory provisions the court has the power, in furtherance of the due administration of justice, to punish in a summary but reasonable manner any intentional act in defiance or disregard of its authority or in disobedience of its orders and decrees. In other words, generally speaking a criminal contempt involves an act solely against the authority and dignity of the court itself or of a judge acting judicially, while a civil contempt ordinarily consists in intentionally disobeying an order of the court for the benefit of an opposing party in a civil action. In some instances the contempt may partake of both criminal and civil aspects. *McCrone* v. *United States,* 307 U. S. 61; *Ex parte Grossman,* 267 U. S. 87, 111; *Gompers* v. *Bucks Stove & Range Co.,* 221 U. S. 418; *Bessette* v. *W. B. Conkey Co.,* 194 U. S. 324;

*Root* v. *MacDonald,* 260 Mass. 344; *Local 333B, United Marine Division, Etc.* v. *Commonwealth,* 193 Va. 773; *Porter* v. *Alexenburg,* 396 Ill. 57. 17 C.J.S., Contempt, §§1, 5, 6. See also *In re Nevitt,* 117 F. 448; *State* v. *Janiec,* 25 N.J.Super. 197; *Swanson* v. *Swanson,* 10 N.J.Super. 513. Tested by the above principles, we are of the opinion that we are here dealing with a civil contempt, namely, a summary proceeding instituted by complainants for the purpose of obtaining compensation for whatever loss they suffered as a result of respondent's improper conduct.

The present appeal brings before this court only the decree that was entered on the petition to adjudge respondent in contempt. The merits of the case on complainants' prayer for an injunction and the decree granting such relief are deemed to be concluded in the absence of any proper appeal therefrom. *Heroux* v. *Heroux,* 59 R. I. 212; *McAuslan* v. *McAuslan,* 34 R. I. 462.

The jurisdiction of the court to entertain the petition under consideration was not challenged by respondent. Furthermore, it is clear that, notwithstanding the outstanding injunction, respondent knowingly chose to take a chance and to pursue a course of conduct contrary to a valid order of the court. Its contention that since there was no cutting or removing of the trees it did not *disturb* them, as prohibited by the injunction, is without merit. The ordinary meaning of the word "disturb" is "to interrupt the settled state of * * * to break up or damage by shaking, jarring, etc." Webster's New International Dictionary (2d ed.), p. 757. The circumstances hereinbefore stated clearly show that respondent did disturb complainants' trees. There was ample evidence to warrant the trial justice in finding that irrespective of respondent's precautionary measures, such as the taking of measurements and the advice of counsel, it was guilty of contempt in attempting to avoid the plain language of the injunction.

The respondent next contends that the amount assessed as damages for the loss allegedly suffered by complainants is against the law and is unsupported by any competent evidence. In considering this aspect of the case, it is important to bear in mind that in criminal contempt the sentence is punitive in order to vindicate the dignity or authority of the court itself in the interests of the public, while in a civil contempt, as here, the punishment is remedial and designed to reimburse complainants for the wrong done as a result of the noncompliance with a valid order of the court. *Ex parte Grossman,* 267 U. S. 87, 111; *Root* v. *MacDonald,* 260 Mass. 344, and cases therein cited. The procedure on a hearing for civil contempt, as stated in the *Root* case at page 364, is analogous to that in equity causes where the burden of proof rests upon a complainant in accordance with the usual equity practice. In our judgment that rule is the proper one to apply in the circumstances presently under consideration.

A close examination of complainants' evidence with reference to damages plainly shows that it related solely to the nature and extent of the injury to the trees and to the cost of repairing them. There was no evidence whatever that they sustained any other loss as the natural and probable consequence of respondent's wrongful act.

We recall at this point that the decree now in question fixed the damages in the total sum of $825 payable as follows: $225 to the Nelsons; $100 to Reuter; and $500 to counsel for complainants. An examination of the decision upon which such decree was based shows that the awards to the respective complainants personally consisted of two items, namely, $150 to the Nelsons and $25 to Reuter as damages for injury to the trees, and $75 to the former and a like amount to the latter "for coming here," apparently meaning compensation for their attendance in court. With reference to counsel fees, the trial justice first suggested

that opposing counsel agree on a reasonable fee and when no such agreement was forthcoming he then awarded a fee of $500 saying: "I should think it was well worth that."

According to the evidence in the instant cause the trial justice was correct in fixing the damages for the injury to the trees in the total amount of $175. On that issue he was well within his rights to resolve the conflicting evidence in favor of complainants. We are unable to reach the same conclusion with reference to the $150 awarded complainants for attendance in court, since that award is not based upon any legal evidence in support thereof. Consequently that amount should be deleted from the decree.

The allowance of counsel fees in proceedings for civil contempt is a matter of disagreement among the courts. See *Root* v. *MacDonald, supra*. Where a person is adjudged guilty of contempt he can purge himself thereof only by complying with a proper order of the court based on that finding. In such a case the award of counsel fees is in effect a condition of the order and not the imposition of costs in addition to those allowed by law. In awarding such counsel fees the discretion of a trial justice in the matter of a civil contempt should be related reasonably to the extent and willfulness of the contempt. In the circumstances of the instant case the award of $500 to counsel, if not in the nature of criminal punishment, was grossly excessive. It is therefore our judgment that payment of damages in the amount of $175 plus $200 counsel fee is sufficient to satisfy the ends of justice and to purge respondent and its officer of contempt.

The respondent's appeal is sustained, the decree appealed from is reversed in part, and the cause is remanded to the superior court for the entry of a new decree in accordance with this opinion.

*Letts & Quinn*, for complainants.
*Donald O. Burke, George Ajootian*, for respondent.