372 A.2d 508.

E.M.B. Associates Inc. *et al. vs.*
Mitchell Sugarman *et al.*

APRIL 18, 1977.

Present: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

106

PAOLINO, J. This is an appeal by the defendants from a judgment of contempt resulting from violation of a temporary restraining order.

In 1970, defendant Sugarman and members of his family entered into an agreement with plaintiffs to sell to them the Max Sugarman Funeral Home, Inc., located at 458 Hope Street in Providence. The agreement provided that none of the sellers would engage in the funeral business for a 5-year period and that the sellers would permanently refrain from using the name "Sugarman," designated a trade name in the agreement, in connection with the funeral business; both provisions were to apply within 75 miles of the transferred property.

At the end of the 5-year period, defendant Mitchell Sugarman opened the Mount Sinai Memorial Chapel, Inc., at 825 Hope Street in Providence. A plaque bearing his name below that of the chapel was prominently displayed on the exterior of the building, and extensive advertising featured his name as funeral director. The plaintiffs promptly sought a temporary restraining order prohibiting the use of Mr. Sugarman's name in this man-

ner, and such an order was issued on March 7, 1975. They also sought preliminary and permanent injunctions to the same end. A hearing on the preliminary injunction was held on March 12 and the injunction entered on March 19. Also on March 12, plaintiffs filed a motion to have defendants adjudged in contempt of court for their continued use of Mr. Sugarman's name in connection with the new chapel. That motion was heard on April 9, 1975, and an order entered 2 days later finding defendants in willful disobedience of the March 7 restraining order as a result of the continued display of the disputed plaque between March 7 and March 21 when it was finally removed. Counsel fees in the amount of $150 were awarded to plaintiffs by the court's order. The defendants filed notice of appeal from the contempt judgment on April 24.

The defendants contend that the temporary restraining order could not require an affirmative act, that is, the removal of the name "Sugarman" from the plaque; that the court lacked the power to award a counsel fee for civil contempt absent a showing of damages to plaintiffs; and that the restraining order itself was invalid insofar as it conflicted with provisions of G.L. 1956, §5-33-10.

The plaintiffs argue and we agree that defendants misconstrue §5-33-10 in their claim that only Mr. Sugarman's name could be used in order to satisfy the statute's requirements. The statute reads in pertinent part that to qualify as a funeral director:

"[I]f the applicant is a corporation, partnership, association or organization, one or more of its officers or members actively and principally engaged in the business must be the holder of an embalmer's certificate issued by said division * * * [and] the name of said officer or member who is the holder of the embalmer's certificate shall appear on every advertisement and on every display sign placed at or upon the building, premises, or place of business of the funeral director."

These requirements may be met by use of the name of a certified embalmer and officer or member of the corporation other than that of Mr. Sugarman. Further, defendants had under Super. R. Civ. P. 65(b) prior opportunity to move for dissolution or modification of the temporary restraining order; a collateral attack on that order on this appeal is not timely.

A similar question of timeliness attaches to defendants' claim that an affirmative act, the removal of the plaque, is not within the scope of a temporary restraining order. We note, however, as do the parties before us, that a restraining order is meant to preserve or restore the status quo and that this status quo is the last peaceable status prior to the controversy. *See* 11 Wright & Miller, *Federal Practice and Procedure* §2948 at 465 (1973). Cessation of the display of a plaque which gave rise to the controversy may well be necessary to restoration of that status quo.

We reach lastly the question of whether counsel fees were properly awarded in the civil contempt proceeding below. The inherent power of courts to punish for contempt of their orders has long been recognized by our jurisprudence. *Ex parte Robinson,* 86 U.S. (19 Wall.) 505, 510, 22 L.Ed. 205, 207 (1873). Numerous cases support the position that it is within the discretion of the court finding contempt to award counsel fees in order to make an innocent party whole. *See Dow Chem. Co.* v. *Chemical Cleaning, Inc.,* 434 F.2d 1212, 1215 (5th Cir. 1970) and cases cited therein. As this court has said:

> "Where a person is adjudged guilty of contempt he can purge himself thereof only by complying with a proper order of the court based on that finding. In such a case the award of counsel fees is in effect a condition of the order and not the imposition of costs in addition to those allowed by law." *Nelson* v. *Progressive Realty Corp.,* 81 R.I. 445, 451, 104 A.2d 241, 244 (1954), *accord Pires* v. *Pires,* 102 R.I. 23, 27, 227 A.2d 477, 479 (1967).

We find no support for the defendants' contention that such an award must be accompanied by an award for compensatory damages. Once willful disobedience of an order of the court is shown, as here, it is within the discretion of the court to impose sanctions for contempt. The award of counsel fees is such a sanction and as such stands independent of other possible sanctions.

The appeal of the defendants is denied and dismissed, and the judgment appealed from is affirmed.

*Temkin, Merolla & Zurier, Amedeo C. Merola,* for plaintiffs.

*Smith & Smith Incorporated, Z. Hershel Smith,* for defendants.