382 A.2d 1316.

ANDREW J. MELECHINSKY *vs.* WILLIAM A. LAURIE, *Warden.*

FEBRUARY 28, 1978.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This matter is before us on a writ of habeas corpus issued by this court on January 27, 1977, at the request of the petitioner, Andrew J. Melechinsky, who was sentenced to the Adult Correctional Institutions for contempt of court. The petitioner also filed a notice of appeal in the court below from that sentence.

The history of this case began on October 21, 1976, when, because of the refusal of Tivian Laboratories, Inc. (Tivian), to permit Division of Taxation auditors to inspect its records, John H. Norberg, the state tax administrator, pursuant to the provisions of the sale and use tax act, G.L. 1956 (1970 Reenactment) §§44-19-27.2 and 44-19-27.3, issued a subpoena duces tecum to Marvin S. Antelman, the then president of Tivian, to appear in the Field Audit Section of the Division of Taxation on October 28, 1976, and to bring with him specified financial records of Tivian.[1]

In response to the subpoena, petitioner Melechinsky, then a vice president of the corporation, and another employee appeared on the date and at the time specified but did not produce the records sought.

The tax administrator then filed an application for a contempt citation in the Sixth Division District Court. A hearing was held on November 23, 1976, in the District Court after which an order for compliance was entered.

---

[1]The records sought by the tax administrator were:

"Sales invoices, ledgers, check books, cash disbursements and cash receipts, purchase journal, purchase invoices, Federal and state tax returns, and any and all other records relating to sales and use taxes for the period beginning July 1, 1970 to date [October, 1976]; and all payroll records and payments to employees, withholding returns, including annual recapitulation Form W-3 and the attached W-2 copies, copies of Federal and state payroll tax returns and all other records relating to personal income withholding taxes for the period beginning January 1, 1973 to date."

On December 2, 1976, pursuant to the November 23 order, Melechinsky and the other employee appeared at the Field Audit Section, but again did not produce the records as ordered. It appears that thereafter, as of November 30, 1976, Melechinsky was elected president of the corporation, Antelman becoming chairman of the board.

On December 7, 1976, a hearing to ascertain compliance with the November 23 order was held before a District Court justice. He found that the corporation "through its duly authorized officers ha[d] failed and refused" to produce the requested records and that it was in contempt.

On December 8, 1976, an order was entered incorporating such findings. The order provided that the corporation could purge itself of contempt by producing the records at the Audit Section of the Tax Division and that it pay to the clerk of the court $75 for each day that it continued to refuse to comply with such order.

On January 12, 1977, the tax administrator filed an affidavit in the District Court indicating noncompliance with the December 8 order. The court then issued a writ of body attachment ordering Melechinsky, as president of Tivian, to answer for contempt in refusing to comply with the November 23 and December 8 orders. The matter was heard on January 20, 1977. At the conclusion of the hearing the trial justice ordered a judgment entered against the corporation in the amount of $3,300 and committed Melechinsky to the Adult Correctional Institutions for 1 week, ordering further hearing on January 27, 1977.

On January 27, 1977, Melechinsky again appeared before the District Court and persisted in refusing unqualified production of the requested corporation records. The court then ordered him recommitted to the Adult Correctional Institutions until he complied with the court's orders. On the same day we granted the instant petition for habeas corpus, which petitioner had filed here subsequent to the

January 20, 1977 hearing, and we ordered him released on his personal recognizance.

In his brief, counsel for petitioner has argued that both petitioner's incarceration on January 20, 1977, and Tivian's fine of $3,300 were unlawful. At oral argument, however, it was conceded that the only issue before us now is the one raised by the petition for habeas corpus — the propriety of petitioner's incarceration on January 20, 1977.[2] Resolution of this issue involves first a determination as to whether the contempt was civil or criminal in nature and secondly, whether or not due process was followed in the handling of the penalty for that contempt.

We have previously considered the question of the nature of a contempt charge which, as here, has not been clearly designated by a lower court to be either civil or criminal. We have held that imprisonment for contempt which is of a punitive, irredeemable, and unconditional quality applies only to contempt of a criminal nature. *City of Pawtucket* v. *Council #70, Local 1012*, 116 R.I. 198, 204, 353 A.2d 607, 610 (1976); *Coolbeth* v. *Berberian*, 116 R.I. 188, 192-93, 354 A.2d 120, 124 (1976); *see also School Committee* v. *Pawtucket Teachers Alliance, Local No. 930*, 101 R.I. 243, 253-56, 221 A.2d 806, 813-14 (1966); *Nelson* v. *Progressive Realty Corp.*, 81 R.I. 445, 450, 104 A.2d 241, 243 (1954). On the face of the January 20 order, Melechinsky was sentenced to a minimum of 1 week's imprisonment. No mention of purging by compliance prior to hearing on January 27 appears in either the order or the transcript of the January 20 proceedings. We are therefore compelled to find his punishment appropriate only to criminal contempt charges. *Coolbeth* v. *Berberian.* In light of this conclusion and the absence from the record of notice and description required in cases of criminal contempt by Rule 42 of the

---

[2] A notice of appeal from the January 27, 1977 incarceration has also been filed, but that appeal is also not before us now.

District Court Rules of Criminal Procedure,[3] we are further compelled to find Melechinsky was not afforded due process prior to his incarceration. In this case, then, we must vacate the criminal contempt and remand to the trial court which may or may not then take further action. *Coolbeth* v. *Berberian*, 116 R.I. at 196-97, 354 A.2d at 126. In view of this conclusion it is not necessary to discuss other issues raised by the petitioner.

The petitioner's appeal is denied and dismissed pro forma. The writ of habeas corpus is granted and is treated as one for certiorari. The January 20, 1977 order committing the petitioner to the Adult Correctional Institutions is quashed without prejudice to any future action which may be taken, and the case is remanded to the District Court for further proceedings consistent with this opinion.

*Aram K. Berberian*, for petitioner.

*Julius C.Michaelson*, Attorney General, *Allen P.Rubine*, Assistant Attorney General, *Perry Shatkin*, Chief Legal Officer (Taxation), for respondent.

---

[3]Dist. R. Crim. P. 42 reads as follows:

"Criminal contempt. — (a)Summary Disposition. A criminal contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts, the adjudication and sentence and shall be signed by the judge and entered of record.

"(b) Disposition Upon Notice and Hearing. A criminal contempt except as provided in Subdivision (a) of this rule shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant or, on application of an attorney for the State or of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest. The defendant is entitled to admission to bail as provided in these rules. In a proceeding under this subdivison, if the contempt charged involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the trial or hearing except with the defendant's consent. Upon a finding of guilt the court shall enter an order reciting the facts, the adjudication and the sentence. The order shall be signed by the judge and entered of record."