John MORAN, Director of the Department of Corrections

v.

RHODE ISLAND BROTHERHOOD OF CORRECTIONAL OFFICERS et al.

No. 84–185–Appeal.

Supreme Court of Rhode Island.

March 20, 1986.

Stephen Robinson, Asquith, Merolla, Anderson, Ryan & Wiley, Providence, for plaintiff.

Paul M. Giacobbe, Cobleigh, Watt, Rock & Giacobbe, Warwich, for defendant.

## OPINION

KELLEHER, Justice.

This is an appeal from an order of the Superior Court that adjudged the defendants to be in civil contempt and ordered them to pay to the plaintiff an attorney's fee in the amount of $1,750. The defend-

ants claim that the trial justice erred in two respects: (1) awarding an attorney's fee without any evidence in the record to support the amount of the award and (2) denying the defendants' motion to dismiss for lack of proper notice. The defendants are the Rhode Island Brotherhood of Correctional Officers (the Brotherhood) and seven members of the Brotherhood. The director of the state correctional facilities, John Moran, will be referred to as the plaintiff.

On November 9, 1983, the Brotherhood held a meeting at six o'clock in the morning to discuss contract negotiations and dispel a rumor that the seniority clause in its contract was in jeopardy. A substantial number[1] of the correctional officers who were scheduled to report for duty on the 6:52-a.m.-to-3-p.m. shift reported late for work. On November 18 plaintiff filed a motion to adjudge defendants in contempt of an amended order and preliminary injunction issued by a justice of the Superior Court in August of 1983.[2] The matter was heard before a Superior Court justice on the afternoons of December 13 through 16, 1983.

The trial justice's bench decision found that the Brotherhood and the individual defendants reported late for duty because of their attendance at the union meeting. He determined that the lateness of defendants constituted a work slowdown that disrupted the safety of the prison, specifically interfering with rollcall briefings and normal operations at the institution. The trial justice ruled that defendants were in civil contempt of the August 1983 order and awarded the attorney's fee to which we have previously alluded.

---

1. The trial court found that 52 percent of the guards scheduled on the morning shift reported late for work.

2. The August of 1983 amended order and preliminary injunction ordered defendants to return to work immediately and restrained and enjoined defendants from (1) encouraging any union member to call in sick or to engage in any work stoppage or slowdown, (2) further participating in or aiding and abetting the sick-

out, work stoppage, and work slowdown, (3) disrupting in any manner the safety, security, and order at all state correctional facilities, (4) taking steps to prevent the resumption of normal operations at all state correctional facilities, and (5) interfering with the safety of the prison. The defendants were further ordered to make the decision of the court known to all union members.

On appeal defendants claim that an attorney's fee is an element of damages that must be proven, and an award of any such fee must (1) not exceed plaintiff's actual costs and (2) be based upon evidence in the record. The defendants insist that the absence of evidence on the record to support the award of an attorney's fee requires reversal on this issue. We disagree.

The award of an attorney's fee in a civil-contempt case is a sanction the imposition of which is left to the sound discretion of the trial court. *E.M.B. Associates, Inc. v. Sugarman*, 118 R.I. 105, 108, 372 A.2d 508, 509–10 (1977). The only restraint on the trial justice's discretion is that the award of an attorney's fee should be reasonably related to the extent and willfulness of the contempt. *Nelson v. Progressive Realty Corp.*, 81 R.I. 445, 451, 104 A.2d 241, 244 (1954). This court's review of a sanction imposed for civil contempt is limited to a review of the order to ensure that the terms are reasonable. *Britt v. Britt*, 119 R.I. 791, 797, 383 A.2d 592, 596 (1978). Bearing in mind that civil contempt is a remedial device designed to coerce compliance with judicial decrees, this court will reduce an award of a fee that is "grossly excessive." *Nelson*, 81 R.I. at 451, 104 A.2d at 244.

The allowance of counsel fees in civil-contempt proceedings has been an issue on which courts have expressed divergent views. *Id.* The same may be said about the necessity of presenting evidence regarding the reasonableness of such fees. Annot., 43 A.L.R.3d 807–10 (1972).

To date this court has not required testimony or affidavits to support an award of a fee in a civil-contempt case, and we are not persuaded that it is necessary to impose such a requirement on the instant facts. *But see Colonial Plumbing & Heating Supply Co. v. Contemporary Construction Co.*, 464 A.2d 741 (R.I.1983) (explanation of the evidentiary requirements for an award of counsel fees in a noncontempt matter).

Although the trial justice did not specifically set forth how he calculated the amount of the attorney's fee, he did comment on the efforts expended by counsel that took place in the the courtroom. He said:

"[C]ounsel had to first of all prepare the contempt motion. Counsel was in attendance at this Court for three afternoons to present testimony, and each afternoon the session lasted approximately two and a half hours. Counsel was further required to attend two morning calendar calls this week, and counsel was required to be here this morning to argue, and it seems to the Court that a reasonable counsel fee for those services would be in the amount of $1,750."

The record indicates that counsel for plaintiff made six court appearances and spent a sufficient amount of time in court to support the $1,750 award. *See In re Arthur Treacher's Franchisee Litigation v. Arthur Treacher's Fish & Chips, Inc.*, 689 F.2d 1150, 1160 n. 16 (3d Cir.1982). Because the award is not grossly excessive or unreasonable, it will not be disturbed on appeal.

The seven individual defendants also contend that they were not given proper notice of the motion to adjudge in contempt. They concede that they were individually served in this action in August of 1983 and that they had notice of the order issued on that date. However, they argue that each defendant should have been served personal notice of the November contempt proceedings.

In taking this position, they first argued that the contempt motion was a new action completely different from the one instituted in August of 1983. The trial justice rejected that argument and informed the individual defendants that a preliminary injunction is a provisional remedy that does not constitute a final determination on the merits. Thus, it is a pending case, and as such, the only notice required to be given was notice to their counsel.

In his bench decision the trial justice specifically determined that the individual defendants received proper notice of plaintiff's motion and application:

"In this case it's quite clear to the Court that the named parties were represented by counsel of record, in this case it was Gerard Cobleigh; Mr. Cobleigh never withdrew his appearance. It may be that he chose for reasons unknown to the Court to delegate Mr. Giacobbe to try the case, but nevertheless notice to Mr. Cobleigh, as far as the Court is concerned, is notice to each of the defendants for whom he entered his appearance and who, as far as examination of the file indicates, were properly served * *.

"So the Court finds in this case that notice upon Mr. Cobleigh was notice to each of the named defendants and that notice has been given to Mr. Cobleigh. There is prima facie evidence of that contained in the motion itself which bears a certification of mailing to Mr. Cobleigh on November 17, 1983, nearly a full month before the beginning of this hearing. Furthermore, there were certain representations that were made by Mr. Cappello, the plaintiff's counsel, at the outset of this case which the Court accepts, and the Court is fully satisfied that proper notice of the civil contempt hearing has been given to all of the named defendants."

We subscribe to the sentiments expressed by the trial justice.

On appeal the individual defendants seek to take another tack on the notice question. They now contend that Mr. Cobleigh's entry of appearance was made on behalf of the Brotherhood only, and an entry of appearance was never made on behalf of the individual defendants at the hearing on the issuance of the injunction in August 1983. There is absolutely no evidence in the record to indicate that this factual argument was presented to the trial justice. Consequently, we will not depart from our well-established rule that matters not brought to the attention of the trial justice cannot be raised for the first time on appeal in this court. *Cok v. Cok*, 479 A.2d 1184, 1188 (R.I.1984); *Fiske v. MacGregor, Division of Brunswick*, 464 A.2d 719, 726 (R.I.1983).

The defendants' appeal is denied and dismissed, and the order appealed from is affirmed.