STATE

v.

Edmond BROWN.

(In re Michael J. DACEY and Kent County Memorial Hospital).

No. 91–94–C.A.

Supreme Court of Rhode Island.

Nov. 25, 1991.

James E. O'Neil, Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., Neil F.X. Kelly, Sp. Asst. Atty. Gen., for plaintiff.

Mark C. Hadden, Robert W. Lovegreen, Gidley, Lovegreen & Sarli, Providence, for defendant and intervenor.

## OPINION

PER CURIAM.

This case came before the court for oral argument November 7, 1991, pursuant to an order which had directed both parties to appear in order to show cause why the issues raised by the appeal should not be summarily decided. The facts of the case insofar as pertinent to this appeal are as follows.

A subpoena duces tecum was issued to the keeper of records for the personnel department of Kent County Memorial Hospital by the attorney for the defendant in a criminal case from which the caption of the instant proceeding has been taken. The subpoena required the keeper of records to appear on January 9, 1991, and bring with

him the employment records of one Madelyn Brown. The time of the required appearance was 9:30 a.m. The keeper of records was Michael J. Dacey (Dacey), who is also a vice president of Kent County Memorial Hospital. It is undisputed that Dacey did not arrive in court at the time specified. He allegedly conferred by telephone with Robert Marro, the attorney for defendant in the criminal case. If permitted, Dacey would have testified that he did not appear because of pressing matters that related to a crisis arising out of the closing of the Kent County Hospital Employees' Credit Union. He also would have testified that he offered to be "on-call" the next day, January 10, 1991, if attorney Marro had need of his testimony.

In any event attorney Marro reported to the court that Dacey was not present but offered to call him. The trial justice declined this offer and made a telephone call to Dacey at the hospital. A secretary informed the justice that Dacey was not available. The trial justice had already ordered the issuance of a body attachment. In light of the tenor of the secretary's response, the trial justice ordered the body attachment to be served.

At 2 p.m. on Wednesday, January 9, 1991, Dacey was escorted to the courthouse, but his testimony was not required on that date.

The trial justice then issued an order to Dacey to show cause why he should not be held in contempt. This hearing was held on February 4, 1991. At that time, after addressing Dacey, the trial justice with the following comment held that Dacey was in contempt:

> "The Court finds that Michael Dacey was in contempt of the Court at the instant he failed to appear in response to a subpoena. The Court finds that Mr. Dacey is an agent, and was at the time, of Kent County Hospital. He was subpoenaed to this Court as the Keeper of Records for Kent County Hospital. He failed to appear, and the Court finds that he failed to appear individually and in his capacity as Keeper of the Books and Records for Kent County Hospital."

Thereafter, the trial justice fined Kent County Memorial Hospital in the sum of $1,000 and imposed a penalty on Dacey of either a fine of $1,000, or in the alternative, six months' community service with the court-appointed special advocates agency (CASA). This alternative would have required up to twenty hours per week of service as needed.

 In support of the appeal both Dacey and Kent County Memorial Hospital raise a number of procedural issues. These issues relate to notice, the opportunity to be heard, the right to counsel, the appropriateness of a motion to recuse, and a right to jury trial in consideration of the amount of the fine imposed. We find it unnecessary to consider these issues in light of our determination relative to the quantum of evidence presented. In order to have found defendants guilty of criminal contempt, it would have been necessary to establish that defendant Dacey was guilty of an intentional or willful disobedience to the subpoena since this was a charge of criminal contempt. *Nelson v. Progressive Realty Corp.*, 81 R.I. 445, 104 A.2d 241 (1954). The element of intentional and deliberate disobedience to a court order and a direct affront to the dignity of the court distinguish criminal contempt from civil contempt. *See Trahan v. Trahan*, 455 A.2d 1307, 1311 (R.I.1983). It would also have been necessary to have established by competent evidence that Kent County Memorial Hospital had authorized and participated in the willful, intentional disobedience alleged on the part of Dacey. In the case at bar, no evidence was presented that supported a finding of willful and intentional disobedience. The court's holding that nonappearance alone was sufficient to support a finding of criminal contempt was erroneous. Such a contempt is analogous to the circumstances set forth in *Peltier v. Peltier*, 120 R.I. 447, 388 A.2d 22 (1978), wherein we determined that the failure of an attorney to appear at an appointed time constituted an indirect contempt that required a plenary disposition. *Id.* at 450, 388 A.2d at 24.

Consequently we are constrained to conclude that the evidence of criminal contempt presented or considered at the hearing was inadequate as a matter of law. Therefore, the judgments of conviction of criminal contempt in regard both to Kent County Memorial Hospital and to Michael J. Dacey are hereby reversed. The papers in the case are remanded to the Superior Court for the County of Kent with instructions that the charge of criminal contempt be dismissed since a rehearing of the case would be impermissible as violative of the ban on double jeopardy in light of our determination that the evidence is insufficient as a matter of law. *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).