Therefore, we sustain the state's appeal and reverse the decision of the trial justice.

**STATE**

v.

**Thomas J. RICCI.**

No. 91–565–Appeal.

Supreme Court of Rhode Island.

June 15, 1992.

James E. O'Neil, Atty. Gen., Aaron Weisman, Sp. Asst. Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., for plaintiff.

Thomas J. Ricci, pro se.

## OPINION

**PER CURIAM.**

This matter came before the court for oral argument on May 4, 1992, pursuant to an order directing the defendant, Thomas J. Ricci, to show cause why his appeal should not be summarily decided. The defendant appeals from a Superior Court order finding, inter alia, that the Attorney General was not in contempt of a court order issued March 7, 1990.

▮ The instant dispute concerns defendant's attempt to recover property seized in connection with a lawful criminal investigation. The investigation resulted in a forty-one-count indictment against defendant that was eventually dismissed for lack of speedy trial. The defendant subsequently petitioned the court for return of his property, and on March 7, 1990, the Superior Court issued an order directing the state of Rhode Island and any of its agents to return ten items of property seized in the investigation. The defendant never received his property and on February 7, 1991, filed a motion to adjudge in contempt. On March 29, 1991, the Superior Court issued an order decreeing that the Attorney General was not in contempt of the March 7, 1990 order and directing that the city of Providence and/or the Providence police department return seven items of the seized property. The order also directed the city of Providence and defendant to select a third appraiser to determine the value of three missing items. The defendant filed an appeal from this order asserting, inter alia, that the trial justice erred in denying defendant a jury trial at the contempt proceeding. On appeal defendant asserts that the contempt hearing was a criminal proceeding because the case was assigned a criminal docket number and that because it was a criminal proceeding he was entitled to a jury trial.

▮ After reviewing the arguments and memoranda presented to the court we are of the opinion that cause has not been shown. First we note that there is no right to jury trial in civil-contempt proceedings. *See Bloom v. Illinois*, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968); *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). Consequently defendant is not entitled to a jury trial if the contempt proceeding was civil in nature. In *Nelson v. Progressive Realty Corp.*, 81 R.I. 445, 104 A.2d 241 (1954), we distinguished criminal contempt from civil contempt by looking at the purpose of the punishment. The purpose of the sentence in a criminal contempt is punitive so as to vindicate the dignity and authority of the court. *Id.* at 450, 104 A.2d at 243. In contrast, punishment in a civil contempt is "remedial and designed to reimburse complainants for the wrong done as a result of the noncompliance with a valid order of the court." *Id.* Applying these guidelines, we find that the instant contempt proceeding was clearly civil because its sole purpose was to compel the responsible authorities to return the seized property to the defendant. Because the proceeding was civil, the defendant was not entitled to a jury trial.

Therefore, the defendant's appeal is denied and dismissed. The order appealed from is affirmed, and the case is remanded to Superior Court.