[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the court on plaintiff's motion to adjudge defendant in contempt for failure to comply in a timely fashion with an order to compensate a discharged employee for lost back pay and benefits.
FACTS AND TRAVEL
Plaintiff initially commenced this action on behalf of Rhoda Tang, a public health nutritionist for the Department of Elderly Affairs who was discharged by the Department on March 6, 1989. Plaintiff filed a grievance on behalf of Tang and ultimately obtained an arbitration award in Tang's favor. The parties stipulated to the award, which was rendered on May 20, 1991. The award required the Department to reinstate Tang to her former or a comparable position retroactive to the date of termination. It also required the Department to reimburse her for lost back pay and benefits, retroactive to that date.
On September 30, 1991, plaintiff filed a petition for confirmation of the award in this court pursuant to R.I. Gen. Laws section 28-9-1 et seq. The court entered an order confirming the award on October 22, 1991.
Thereafter, Tang was reinstated on February 9, 1992 and received payment for back pay and benefits of $83,935.07 on March 27, 1992. Plaintiff now seeks an order adjudging defendant in contempt based on the delay between the order of October 22 and the payment of March 27. Plaintiff seeks interest at the statutory rate on the total amount of damages for this entire period of delay. Plaintiff also seeks attorney's fees for prosecution of this petition.
Defendant responds that it acted in good faith and used all diligence to reinstate Tang in a timely fashion pursuant to the order and that it should therefore be held liable only for the delay in payment after the date of reinstatement. Accordingly, it asks the court to limit the contempt award, if any, to interest on the damage payment for the much shorter period of February 9, 1992 to March 27, 1992.
Both parties agree that plaintiff waived the right to receive any interest for the period prior to entry of the arbitrator's award. In other words, plaintiff only seeks post-award interest on this motion.
A. Civil Contempt
In order to allow the interest and attorney's fees that plaintiff seeks, this court must first find defendant in contempt of the confirmation order. Civil contempt is established when it is proven by clear and convincing evidence that a lawful decree was violated. Trahan v. Trahan, 455 A.2d 1307, 1311 (R.I. 1983). The purpose of civil contempt is remedial and designed to reimburse the complainant for the wrong done as a result of noncompliance with the order. State v. Ricci, 609 A.2d 951, 952 (R.I. 1992).
In the instant case, the parties agree that the order to reimburse Tang for back pay was not complied with until five months after it was entered. Nonetheless, defendant argues that it should not be found in contempt because it acted with diligence and good faith in attempting to reinstate Tang in the interim.
It is well established that willfulness need not be shown as an element of civil contempt. Trahan, supra, at 1311. Nor is good faith a valid defense to a contempt charge. Fortin v.Massachusetts Dept. of Pub. Welfare, 692 F.2d 790, 796 (1st Cir. 1982) (citing McComb v. Jacksonville Paper Co., 336 U.S. 187, 191, 69 S.Ct. 497, 499, 97 L.Ed.2d 599 (1949)). Impossibility of compliance is a defense and is suggested by defendant's claim that it could not immediately reinstate Tang because her prior position had been eliminated and the Department lacked funds to recreate it. However, the burden of proving impossibility is a heavy one, Fortin, supra, at 797, and defendant has failed to meet it here. Like defendant in this case, the defendant inFortin, attempted to show inability to comply with a consent order by describing its extensive efforts at compliance. The court found this evidence insufficient to prove impossibility and stated:
 These efforts, however, are simply what the law demands and what the Department agreed to do. The fact that efforts and improvements have been made does not prove that further improvement would be impossible.
692 F.2d at 797. This language is equally applicable in the instant case, especially in light of the fact that the Department stipulated to the arbitration award, thereby rendering it comparable to the consent decree at issue in Fortin. In light of this fact, it is clear that here as well, the efforts made by the Department were merely what it agreed to do.
In the recent case of Durfee v. Ocean State Steel, Inc.,
No. 93-507, slip. op. (R.I. Jan. 26, 1994), our Supreme Court upheld finding of civil contempt where a party to a consent agreement failed to comply with its terms for a substantial period of time. The court found that, at the time it signed the agreement, the defendant was well aware of its responsibility to comply and that it could have taken the remedial steps that it ultimately took at any time prior to the imposition of the contempt order. Id. at 16. Here, although defendant goes to great lengths to describe its efforts to find a position for Tang after the October confirmation order, it offers no evidence of such efforts prior to that time, despite the fact that it was obligated to reinstate Tang from the time that the arbitration award was entered in May of 1991. In view of the evidence of defendant's noncompliance, a finding of civil contempt is warranted. Defendant may, however, purge the contempt order by paying post-judgment interest to compensate Tang for the loss caused by the delay.
B. Interest due
While the parties agree that interest is due in the event of contempt, they offer dramatically different means of calculating the amount of interest. Plaintiff urges the court to allow statutory interest on the full $83,935.07 award for the period between the time of the award and the date of payment. Plaintiff takes this position despite the fact that part of this award accrued during this period and would not, therefore be subject to interest for the full period. Defendant, on the other hand, argues that interest should only be allowed for the period between the time of reinstatement and the date of payment. Defendant contends that the total amount of back pay did not become liquidated or ascertainable until the date of reinstatement and, therefore, only became subject to interest on that date.
The court resolves the conflict by breaking the total damages down into several amounts.
First, all parties agree that Tang is entitled to interest on the total amount of damages from the date of reinstatement until the date of payment. The calculation is the total amount of damages times the monthly statutory rate, times 1.75 months or
$83,935.07 x .01 x 1.75 = $1468.86
Second, notwithstanding defendant's argument that damages were not liquidated until the time of reinstatement, it is apparent that they were at least partially liquidated on the date of the arbitration award. At that time, the back pay and benefits lost by Tang as of that date were readily ascertainable on the basis of her former salary. Thus, Tang is entitled to interest on the amount of damages accrued as of that date for the period from the date of the award until the date of payment. The calculation above includes interest on this second amount between reinstatement and the date of payment. Therefore, this second operation would be equal to the amount of damages accrued between the date of termination and the arbitration award times the statutory rate, times 8.66 months (the time between the date of the award and the date of reinstatement) or
A x .01 x 8.66 =
"A" in this equation is equal to the amount of back pay and benefits attributable to the period preceding entry of the arbitration award. The record before the court does not apportion the damages to enable the court to calculate this figure. While the court could simply divide the total damages by the number of days that Tang was unemployed to arrive at an estimate of pre-award damages, it opts instead to allow the Department to calculate the actual figure and to plug that number into the appropriate equations.
This leaves only the issue of interest due for the period between the arbitration award and reinstatement on amounts accruing during that period. If one concludes that the amount of damages was partially liquidated on the date of the arbitration award, it follows that damages after that date continued to become partially liquidated as wages and benefits became due, whether on a weekly, biweekly, or monthly basis. As damages accrued during this period, Ms. Tang was denied the use of this money and is therefore entitled to interest on these payments from the respective dates on which they came due. Cf. Allen v.Allen, 520 N.E.2d 176, 181 (Mass. App. Ct. 1988) (holding husband liable for interest on support payments coming due after claim was filed, calculated from the date on which each bimonthly payment became due). This interest could be individually calculated for each payment due. However, it has been held that one may arrive at a similar figure by awarding interest on the total amount of payments from the midpoint of the period over which they accrued. Thomas v. City Burough of Juneau,638 F. Supp. 303, 307 (D.Alaska 1986) (calculating interest due on lost wages in action brought under Veterans' Reemployment Rights Act).
The payments accruing during this period equal $83,935.07 minus (A) above. They accrued from the date of the award until the date of reinstatement, approximately 8.66 months, half of which is 4.33 months. Therefore, the amount of interest accrued on these amounts is
($83,935.07 — A) x .01 x 4.33 =
Thus, the total amount of interest payable by defendant is the sum of the three equations outlined above. While this amount will not be substantially less than the amount claimed by plaintiff, these calculations do take into account the fact that the payments accrued and therefore became liquidated over time rather than at once on the date of the arbitration award.
C. Attorney's fees due
The trial court has discretion to award a reasonable attorney's fee to the prevailing party in a civil contempt case.Moran v. Rhode Island Bhd. of Correctional Officers,506 A.2d 542. 544 (R.I. 1986). Therefore, the court will allow plaintiff a fee of one thousand dollars in addition to the interest award.
For the foregoing reasons, the Department is adjudged in contempt and, to purge this finding, is directed to make the appropriate calculations and to submit an order within twenty days for approval by the court.