Sylvia BIANCO et al.

v.

GENERAL ACCIDENT INSURANCE COMPANY et al.

No. 97–62–Appeal.

Supreme Court of Rhode Island.

March 2, 1998.

Everett A. Petronio, Jacqueline Bouchard, Johnston.

C. Russell Bengtson, Providence, Patricia A. Buckley, Michael T. Sullivan, Linda Rekas Sloan, Providence.

## ORDER

This case came before a panel of the Supreme Court on February 17, 1998, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The plaintiffs, Sylvia Bianco and Joseph Bianco, have appealed from a judgment entered in favor of the defendant, General Accident Insurance Company (General Accident), After hearing the arguments of counsel and considering the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Therefore, the appeal will be decided at this time.

On September 21, 1993, Joseph Bianco (Joseph) was driving a car owned by Michael Pitassi (Pitassi). Joseph's wife, Sylvia, was a passenger in that automobile which was rear-ended by a vehicle owned by Edith Giardino and operated by Ralph Giardino (the Giardinos). Sylvia was injured as a result of the accident.

At the time of the accident, the Giardinos were insured by Allstate Insurance Company (Allstate) for $25,000, Pitassi was insured by Colonial Penn Insurance Company (Colonial Penn), and plaintiffs were insured by General Accident Insurance Company (General Accident). The plaintiffs had obtained their insurance coverage through the C.O. Agency in Warwick, Rhode Island. The policy between plaintiffs and General Accident contained the following provision:

> "We do not provide Uninsured Motorists Coverage for 'bodily injury' sustained by any person:
> * * *
> 2. If that person or the legal representative settles the 'bodily injury' claim without our consent."

On August 5, 1994, plaintiffs' attorney mailed a letter to the C.O. Agency, advising them of the accident and of a possible underinsurance coverage claim against General Accident. The attorney also informed the C.O. Agency that they were "planning to settle Sylvia's case with Allstate, who insures the other driver who rear-ended the Biancos, for the full policy limit carried by the driver at the time of the incident in question." The letter went on to explain that "[u]nless I hear from you to the contrary, I will assume your carrier has no objection to the same. If you have any objections, please contact me immediately." Having received no response to the letter, plaintiffs settled their claim against Allstate for $25,000 on August 12, 1994, just

seven days after the date on the letter sent to the C.O. Agency. On September 6, 1994, plaintiffs, for the first time, sent a letter directly to General Accident informing them of the accident and of their intention to assert a claim against General Accident for underinsured motorist coverage.

After their attempts to obtain underinsured motorist coverage from Colonial Penn and General Accident failed, plaintiffs commenced a civil action in the Superior Court, alleging that they were entitled to coverage under both companies' plans.

Colonial Penn moved for a summary judgment on the basis of a provision in the insurance policy between Colonial Penn and Pitassi that denied coverage if any settlement was made without prior written consent by Colonial Penn. That motion was denied by an order dated April 3, 1996. Unlike the situation with General Accident, plaintiffs had *directly* informed Colonial Penn of the accident and of the possibility of a settlement with Allstate. Moreover, the trial justice interpreted the Colonial Penn policy provision requiring written consent for settlements as applying only to Pitassi, the policyholder, and not to the Biancos who were merely third parties seeking coverage under Pitassi's policy with Colonial Penn.

General Accident filed a motion for summary judgment on the basis of the consent-before-settlement provision in its policy with plaintiffs. On November 8, 1996, the trial justice granted its motion inasmuch as plaintiffs had not contacted General Accident directly when the accident occurred, nor did plaintiffs directly contact General Accident for its consent[1] at the time they were planning on settling with Allstate; rather, they waited to contact General Accident directly until after they had settled with Allstate. On December 4, 1996 judgment was entered pursuant to Super. R. Civ. P. 54(b). The

plaintiffs' appeal from the granting of General Accident's motion for summary judgment is now before us.

The plaintiffs' first argument, that the denial of Colonial Penn's motion for summary judgment established the law of the case, fails for two reasons. First, plaintiffs did not raise that argument below, so we need not address it on appeal. *See Moran v. Rhode Island Brotherhood of Correctional Officers,* 506 A.2d 542 (R.I.1986). However, even if we were to address the issue, plaintiffs would not prevail because the facts supporting Colonial Penn's motion were different from the facts supporting General Accident's motion, thereby preventing application of the law of the case doctrine. See *Salvadore v. Major Electric & Supply, Inc.,* 469 A.2d 353 (R.I. 1983).

Second, plaintiffs argued that the trial justice erred in finding that they had not complied with the consent-before-settlement provision of the General Accident policy. The uncontroverted evidence before the trial justice, however, demonstrated that plaintiffs failed to contact General Accident directly until after they had settled with Allstate. In addition, they failed, after writing to the C.O. Agency, to ascertain whether the information contained therein had been forwarded to General Accident. Given that evidence, summary judgment was not improper.

For these reasons, the plaintiffs' appeal is denied and dismissed, the summary judgment appealed from is affirmed, and the papers in this case are remanded to the Superior Court.

BOURCIER and GOLDBERG, JJ., did not participate.

---

1. In commenting on the validity of the consent exclusion, this Court observed that such a proviso implies that consent will not be unreasonably or arbitrarily withheld by the insurer. *See Pickering v. American Employers Insurance Co.,* 109 R.I. 143, 155, 282 A.2d 584, 591 (1971); *Stanko v. Hartford Accident & Indemnity Co.,* 121 R.I. 331, 334, 397 A.2d 1325, 1326 (1979).