June 5, 2020

**Supreme Court**

No. 2018-290-Appeal.
(PM 17-3364)

In re: Joseph I. Lamontagne.                    :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

In re: Joseph I. Lamontagne.                    :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

# O P I N I O N

**Justice Indeglia, for the Court.**  The defendant,[1] Joseph I. Lamontagne, appeals from an order adjudicating him to be in criminal contempt.  On appeal, the defendant contends that the trial justice erred because, he maintains, his conduct was not obstructive to court proceedings or flagrantly disrespectful to the trial justice and he was denied an opportunity to explain and defend himself before the trial justice made the finding of contempt.  Additionally, the defendant avers that he was given a contempt sentence that violates the constitution.  This case came before the Supreme Court on May 13, 2020 by video conferencing, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.[2]  After carefully considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the reasons set forth in this opinion, we affirm in part and reverse in part the order of the Superior Court.

---

[1] In addition to this appeal, Mr. Lamontagne also filed a separate appeal, No. 2018-241-C.A., from his underlying criminal conviction for first-degree robbery and assault with a dangerous weapon in a dwelling, which appeal is pending before the Court.  For clarity, we refer to him as defendant herein also.

[2] For the first time in Rhode Island Supreme Court history, this case was heard remotely by means of the WebEx platform.

# I

## Facts and Travel

On July 18, 2017, defendant appeared before a justice of the Superior Court for sentencing on a conviction for first-degree robbery and assault with a dangerous weapon in a dwelling. At that time, the trial justice noted that she had considered the offense, the offender, and whether defendant needed to be removed from society or had the ability to be rehabilitated. She also considered that defendant's "sentence should serve as a deterrence to the [d]efendant and to others from committing similar crimes in the future[.]" The trial justice determined that defendant's "age and numerous contacts with the system make him a poor candidate for rehabilitation." She further determined that defendant's "absolute refusal to take any responsibility for anything he does wrong and to describe himself as the victim" added to her evaluation that he was a poor candidate for rehabilitation.

Based on all of those reasons, the trial justice deviated from the sentencing benchmarks and sentenced defendant to thirty-five years at the Adult Correctional Institutions, with twenty-three years to serve and the balance suspended, with probation. The following exchange then occurred between defendant and the trial justice:

> "THE DEFENDANT: That's justice?
>
> "* * *
>
> "THE DEFENDANT: That's bullshit.
>
> "THE COURT: Excuse me.
>
> "THE DEFENDANT: That's not justice.
>
> "THE COURT: Excuse me. I am adding to that. I find you in contempt of court, and I sentence you to an additional three years at the Adult Correctional Institutions to be served consecutive to the sentence I just imposed. One moment. I have to articulate it.

"THE DEFENDANT: It's all lies.

"THE COURT: Criminal contempt committed in the presence of the [c]ourt.

"THE DEFENDANT: How would you feel?"

The trial justice then stated that the contempt was "direct in its adverse effect on the authority and prestige of the [c]ourt" and that "all essential elements of misconduct were observed by the [c]ourt[.]" The trial justice determined that "immediate punishment [wa]s essential to prevent demoralization of the [c]ourt's authority before the public."

The trial justice then gave defendant the opportunity to address the court regarding her contempt finding before she executed the sentence. The defendant then apologized to the trial justice, stating: "I'm sorry, Your Honor. I didn't mean any disrespect." Additionally, defendant stated that he did not feel as though he was "treated properly in this courtroom." The trial justice stated that defendant's apology earned him a year off his contempt sentence. Accordingly, she sentenced defendant to two years at the ACI for criminal contempt, to be served consecutively to his sentence of thirty-five years with twenty-three years to serve on the underlying charges. The defendant timely appealed to this Court.

## II

## Standard of Review

This Court has stated that "the inherent power of courts to punish for contempt * * * has long been recognized by our jurisprudence." *State v. Price*, 672 A.2d 893, 898 (R.I. 1996) (brackets omitted) (quoting *E.M.B. Associates, Inc. v. Sugarman*, 118 R.I. 105, 108, 372 A.2d 508, 509 (1977)). We have recognized "that courts, endowed with the power to impose severe

punishment for contempt in their discretion, might abuse that discretion." *Id.* Therefore, "we shall review a decision in respect to the punishment of contempt for abuse of that discretion." *Id.*

### III

### Discussion

Before this Court, defendant avers that the trial justice erred in adjudicating him in criminal contempt because, he argues, his conduct was not obstructive to court proceedings or flagrantly disrespectful to the trial justice and he was denied an opportunity to explain and defend himself before the trial justice made the finding of contempt.

We have repeatedly held that "Rule 42(a) [of the Superior Court Rules of Criminal Procedure] and its federal counterpart have been consistently interpreted to permit a court to dispense with due process requirements and exercise its extraordinary but narrowly limited power to punish summarily for contempt only in specifically delineated circumstances."[3] *State v. Price*, 66 A.3d 406, 418-19 (R.I. 2013) (deletions omitted) (quoting *Nestel v. Moran*, 513 A.2d 27, 28-29 (R.I. 1986)). "It is our strong policy to 'firmly and steadfastly uphold the right of a trial justice to impose summary punishment in certain circumstances.'" *Id.* at 418 (brackets omitted) (quoting *Nestel*, 513 A.2d at 30). Such circumstances exist

> "when the alleged misconduct has occurred in open court, in the presence of the judge, which disturbs the court's business, where all of the essential elements of the misconduct are under the eye of the court, are actually observed by the court, and where immediate punishment is essential to prevent demoralization of the court's authority before the public." *Id.* at 419 (quoting *Nestel*, 513 A.2d at 29).

---

[3] Rule 42(a) of the Superior Court Rules of Criminal Procedure provides, in pertinent part, that "[a] criminal contempt may be punished summarily if the judicial officer certifies that the judicial officer saw or heard the conduct constituting the contempt and that the conduct was committed in the actual presence of the court."

After our careful review of the entire record, we are of the opinion that the trial justice did not abuse her discretion. Indeed, this Court has stated that "not every impolite or vulgar remark suffices to justify contempt proceedings[.]" *Price*, 66 A.3d at 419 (quoting *United States v. Marshall*, 371 F.3d 42, 48 (2d Cir. 2004)). However, while acknowledging that this is a close case, it is the trial justice who "has had an opportunity to appraise witness demeanor and to take into account other realities that cannot be grasped from a reading of a cold record." *Silva v. Laverty*, 203 A.3d 473, 481 (R.I. 2019) (quoting *Voccola v. Forte*, 139 A.3d 404, 413 (R.I. 2016)). It is clear from the record that defendant, unhappy with his sentence, acted out in the presence of the court, and that his comments were specifically directed at the court and not mere sorrowful remarks at the severity of his sentence. Therefore, the trial justice was clearly within her authority to summarily punish defendant "to prevent demoralization of the court's authority[.]" *See Price*, 66 A.3d at 419 (quoting *Nestel*, 513 A.2d at 29).

The defendant also asserts that his two-year contempt sentence was "unlawful and unconstitutional" given that the United States Supreme Court has squarely held that, pursuant to the United States Constitution, sentences over six months for criminal contempt require that a defendant be given the opportunity to choose a jury trial. *Codispoti v. Pennsylvania*, 418 U.S. 506, 511-12 (1974) (citing *Bloom v. Illinois*, 391 U.S. 194 (1968)). While we have "generally declined to review either the validity, legality, or excessiveness of a sentence on direct appeal[,]" based on the unique facts of this case, we agree with defendant's contention. *See State v. Price*, 820 A.2d 956, 973 (R.I. 2003).

The United States Supreme Court has quite plainly held that "sentences up to six months c[an] be imposed for criminal contempt without guilt or innocence being determined by a jury[.]" *Codispoti*, 418 U.S. at 511-12. The trial justice's two-year consecutive sentence is

clearly beyond the six-month maximum. Accordingly, we remand the case to the Superior Court for resentencing. On remand, the trial justice may reduce the defendant's sentence to a period of six months or less, or, in the alternative, if the trial justice determines the defendant's conduct warrants more than a six-month sentence, a criminal complaint or information shall be filed by the Attorney General, and, if the defendant so chooses, a jury trial shall be conducted to determine the defendant's guilt or innocence with respect to the criminal contempt charge.

## IV

## Conclusion

For the reasons stated herein, we affirm in part and reverse in part the order of the Superior Court. The record shall be returned to that tribunal for further proceedings consistent with this opinion.

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | In re: Joseph I. Lamontagne. |
| **Case Number** | No. 2018-290-Appeal. (PM 17-3364) |
| **Date Opinion Filed** | June 5, 2020 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Gilbert V. Indeglia |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Netti C. Vogel |
| **Attorney(s) on Appeal** | For State: <br><br> Mariana E. Ormonde <br> Department of Attorney General <br> For Defendant: <br><br> Camille A. McKenna <br> Office of the Public Defender |